**UNITED STATES of America, Petitioner,**

v.

**Honorable Thomas R. McMILLEN, Judge United States District Court, etc., Respondent.**

**No. 72–1648.**

United States Court of Appeals, Seventh Circuit.

Oct. 17, 1972.

Rehearing En Banc Denied Nov. 14, 1972.

James R. Thompson, U. S. Atty., W. T. Huyck and Arnold Kanter, Asst. U. S. Attys., Chicago, Ill., for petitioner.

Melvin B. Lewis, Richard B. Caifano, Jerome Rotenberg, Chicago, Ill., for respondent.

Before SWYGERT, Chief Judge, and KILEY and CUMMINGS, Circuit Judges.

## ORDER

CUMMINGS, Circuit Judge.

This case is before us on the Government's petition for a writ of mandamus directed to respondent district judge.

The October 1971 Grand Jury indicted Robert Siegel, together with Robert Buss and four others, charging them in two counts with conspiracy to hijack and hijacking certain goods in violation of § 659 of Title 18 of the United States Code. The criminal case was assigned to the respondent judge. On December 20, 1971, the defendant Siegel made a pre-trial motion for discovery which asked that the Government be ordered to produce "statements made by any co-defendant hereto, together with whom defendant Siegel is intended to be tried . . . ."

On March 24, 1972, Judge McMillen ordered that the Government produce "[s]tatements of all defendants which mention Robert Siegel in connection with this case . . . ." Subsequently, the Government refused to comply with respondent's order. Trial was ordered to proceed as scheduled, but the Court indicated that it would exercise its discretionary power under Rule

16(g) Fed.R.Crim.P. to prohibit the Government from introducing into evidence the statements which were not produced.

The Government filed a petition for issuance of a writ of mandamus on August 4, 1972. The petition asks this Court to order Judge McMillen to vacate his order of March 24, 1972. We grant the writ of mandamus and direct the respondent to modify his order to deny the defendants access to statements made by Robert Buss to the Government until such time as Buss has testified on direct examination.

Section 3500 of Title 18 provides:

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) to an agent of the Government shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case. 18 U.S.C.A. § 3500 (Cum.Supp.1972).

The prohibition of § 3500 is engrafted on Rule 16(b) of the Fed.R.Crim.P. The Government relies on these prohibitions in refusing to comply with respondent's order and in seeking a writ of mandamus.

■ We agree that Rule 16(b) and § 3500 prohibit a district judge from ordering production of statements of Government witnesses, whether or not they are co-defendants, before they have testified. Robert Buss is the only co-defendant named by the Government as a prospective witness for the Government.

■ We realize that the writ of mandamus is an extraordinary remedy reserved for extraordinary circumstances. Will v. United States, 389 U.S. 90, 107, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). On the record before us two grounds appear which bear the weight of justification for this writ. First, the writ is necessary to confine the district court to a lawful exercise of its prescribed jurisdiction. Jurisdiction in this context is not limited by a "technical definition" but rather encompasses judicial usurpation of power. Will v. United States, *supra* at 95, 88 S.Ct. 269. Secondly, on the record it appears that the respondent intends to force this cause to trial and then to invoke his power under Rule 16(g) Fed.R.Crim.P. to prevent the testimony of Buss from being presented. The Government has admitted that without Buss' testimony it cannot establish its case. Without mandamus, the Government would be remediless.

Mandamus will prevent the respondent from "usurping power" by ignoring the prohibition of the Jencks Act. The legislative history of the Act leaves no doubt that a statement of a Government witness cannot be discovered until after he testifies. The Senate Report on the Jencks Act contains the following declaration:

[I]t is the specific intent of the bill to provide for the production of statements, reports, transcriptions or recordings, as described in the bill, after the Government witness has testified against the defendant on direct examination in open court, and to prevent disclosure before such witness has testified. S.Rep.No.981, 85th Cong. 1st Sess. (1957), U.S.Code Cong. and Admin.News 1957, p. 1863.

The Conference Report provides:

The changes agreed upon by the conferees . . . (3) make it abundantly clear that no such statement need be produced until said witness has testified on direct examination in the trial. Conf.Rep.No.1271, 85th Cong. 1st Sess. (1957), U.S.Code Cong. and Admin.News 1957, p. 1870.

Since initial passage, the Act has been amended only to expand the coverage of the prohibition. 18 U.S.C.A. § 3500 (Cum.Supp.1972); cf. H.Rep.No.91–1549, 91st Cong., 2d Sess. (1970). Moreover, § 3500 has repeatedly withstood Constitutional challenge. *E. g.,*

Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1958).

The Act limits the prohibition to Government witnesses or prospective Government witnesses. The prosecution has stated that co-defendant Buss is its only witness or prospective witness that will be called against the two remaining co-defendants Robert Siegel and Arthur Veals.[1] We agree with respondent that defendants are entitled to the statements of any other co-defendants. 8 J. Moore, Federal Practice ¶16.03[2], at 16–24 (2d ed. 1953); and Rezneck The New Federal Rules of Criminal Procedure 54 Geo.L.J. 1276, 1286 (1966). Accordingly the writ shall issue to deny defendants' access to Robert Buss' statements until he testifies at the trial.

1. The record indicates that George Beecher, a co-defendant, was permitted on February 17, 1972, to join in Siegel's motion for discovery. However, Beecher