UNITED STATES of America

v.

Bernard **FEINBERG.**

UNITED STATES of America

v.

John C. **THOMPSON.**

UNITED STATES of America

v.

Louis A. **KOPPLE.**

UNITED STATES of America

v.

Frank J. **KUTA.**

Nos. 73 CR 370, 73 CR 646, 73 CR 778, 74 CR 22.

United States District Court,
N. D. Illinois, E. D.

March 1, 1974.

James R. Thompson, U. S. Atty., Tyrone C. Fahner, Asst. U. S. Atty., Chicago, Ill., for plaintiff in No. 73 CR 370.

Joseph A. Lamendella, Chicago, Ill., for defendant in No. 73 CR 370.

James R. Thompson, U. S. Atty., M. F. O'Brien, Asst. U. S. Atty., Chicago, Ill., for plaintiff in No. 73 CR 646.

Elmer Gertz, Wayne B. Giampietro, Chicago, Ill., for defendant in No. 73 CR 646.

James R. Thompson, U. S. Atty., J. M. Breen, Asst. U. S. Atty., Chicago, Ill., for plaintiff in No. 73 CR 778.

Warren D. Wolfson, Chicago, Ill., for defendant in No. 73 CR 778.

James R. Thompson, U. S. Atty., Jeffrey Cole, Asst. U. S. Atty., Chicago, Ill., for plaintiff in No. 74 CR 22.

George F. Callaghan, Chicago, Ill., for defendant in No. 74 CR 22.

## MEMORANDUM OPINION

MARSHALL, District Judge.

Three of these four criminal cases are pending on motions by the Government for reconsideration of orders granting pretrial discovery of statements made by the defendants. The fourth case is pending on defendant's motion for similar discovery. The challenged orders and the pending motion were entered or made pursuant to the provisions of either Rule 7(f) or 16(a) of the Federal Rules of Criminal Procedure. In each case the Government asserts that pretrial discovery of statements made by the defendant to persons other than government agents is not authorized by the Rules and violates the restrictions on pretrial discovery prescribed by the Jencks Act (18 U.S.C. § 3500(a)) and authoritative decisions interpreting the Act (including decisions of the Court of Appeals for the Seventh Circuit). The Government has stated that if the orders are not modified, it will seek interlocutory review by way of mandamus or pursuant to 18 U.S.C. § 3731. Because of the commonality of the contentions raised by the Government and the importance of those contentions to the administration of criminal justice in the federal courts, I have considered the cases together. Brief descriptions of the cases and the particular discovery grant-

ed or sought are germane to the contested issues.

In No. 73 CR 370, defendant Bernard Feinberg is charged with violations of 18 U.S.C. § 1341 by use of the mails in furtherance of a scheme to defraud the citizens of Cook County, Illinois, of taxes on certain real properties located in the county. According to the allegations of the indictment, Feinberg, who is the owner of the subject properties, falsely represented or caused to be represented to county taxing authorities that the properties were vacant when he knew they were improved and occupied by tenants, and submitted to the taxing authorities City of Chicago building permits regarding the properties which he knew had been altered or modified after their issuance, all to the end that he fraudulently obtained substantial reductions in the assessed valuation of the properties which, in turn, reduced the ad valorem taxes levied against them. The indictment proceeds to allege use of the mails in furtherance of the scheme.

In No. 73 CR 646, the defendant John C. Thompson, former Chicago Director of the Equal Opportunity Division of the United States Department of Housing and Urban Development, is charged with violating 18 U.S.C. § 201(c)(1) by soliciting and accepting a $3,000 bribe from one Ross in connection with Thompson's official approval of affirmative action programs submitted with applications for Federal Housing Administration loan insurance for three housing projects.

In No. 73 CR 778, defendant Louis A. Kopple is charged with violations of 21 U.S.C. § 841(a)(1) by the distribution of large quantities of amphetamines and barbiturates. Although not alleged in the indictment, it is undisputed that Kopple is a licensed physician of fifty years experience. Furthermore, his counsel has represented to the court that Kopple is 77 years old and shows marked signs of beginning senility and has difficulty in recalling any of the transactions alleged in the indictment.

In 74 CR 22 (superseding 73 CR 490), defendant Frank J. Kuta is charged in a multi-count indictment with the obstruction of commerce by means of extortion in violation of 18 U.S.C. § 1951, mail fraud in violation of 18 U.S.C. § 1341 and the filing of false income tax returns in violation of 26 U.S.C. § 7206(1). Kuta was an alderman of the 23rd Ward of the City of Chicago and as such a member of the Chicago City Council. Stripped of its verbiage the indictment alleges that Kuta extorted payments from three persons named Gaw, Vanchieri and Allen in respect to amendments to the Chicago Zoning Ordinance as it applied to properties which they desired to develop. Although not alleged in the indictment, it is undisputed that Kuta is an attorney licensed to practice law in Illinois.

The cases have a common thread which, in my judgment, supports the discretionary relief I have granted. Unlike criminal cases in which there is a dispute as to either the conduct or the identity of the accused, it is fair to anticipate here that the Government's proof will readily establish that the defendants performed some or all of the acts with which they are charged: Feinberg sought and obtained tax reductions; Thompson received a payment from Ross; Kopple possessed and distributed drugs; and Kuta received payments from Gaw, Vancheri and Allen. The transactions are not, however, unlawful in and of themselves. The gravamen of each charge is the alleged purpose, knowledge or intent of each defendant at the time of his alleged conduct.

In these circumstances, we can assume that the Government will seek to prove the defendants' alleged unlawful states of mind by resort to statements made by the defendants before, during or after the subject transactions. Furthermore, it is not unlikely that the statements will be attributed to the defendants by persons who participated in those transactions. Of course, the requisite state of mind can, in certain circumstances, be

inferred from the conduct itself. But if statements by the defendants reflecting their states of mind are available to the Government, we know they will be used, and they will constitute a significant part of the Government's case.[1]

It was in light of the foregoing that defendant Feinberg (charged with mail fraud regarding real estate taxes) sought, by way of a motion for bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the following:

"5. Does the Government rely upon any oral statements of the defendant to support the charge in the several counts of the indictment?

"6. If the answer to request No. 5 is in the affirmative, state with respect to each such statement, if there was more than one,

"(a) The name and address of the person to whom the statement was made,

"(b) The date on which the statement was made,

\* \* \* \* \* \*

"(d) The substance of the statement,

\* \* \* \* \* \*

"(g) Whether a written memorandum or verbatim transcript of the oral statement was made, and, if so, whether the Government has possession of the memoranda or transcript."

I granted the motion. Thereafter, upon the Government's motion to reconsider, I treated Feinberg's motion as one for discovery under Rule 16 making clear that "the defendant, however, is only entitled to his statements or the substance thereof. The substance of a Government witness' statement, unrelated to an alleged statement of the defendant, may be excised. Indeed, rather than display a pre-existing document, it is sufficient for these purposes that the Government, in narrative form, state the contents of

defendant's alleged statements, the persons to whom the statements were made and the dates of the statements." The Government has again requested reconsideration of my order in view of its stated purpose to refuse to comply therewith provoking either a proceeding in mandamus or an interlocutory appeal pursuant to 18 U.S.C. § 3731. Feinberg has also requested, for reasons hereinafter stated, that I return to a Rule 7(f) bill of particulars approach to his request rather than a motion for discovery pursuant to Rule 16(a).

Thompson (charged with accepting a bribe regarding approval of an F.H.A. affirmative action program), by a motion for discovery and inspection pursuant to Rule 16, requested an order that he be permitted "to inspect and copy, or photograph, any and all recorded or written statements . . . made by any persons having knowledge of the facts . . . within the possession, custody or control of the Government . . . ." I denied that request except "to the extent that statements of other persons [contained] statements of the defendant." The Government has moved that I reconsider that order.

Kopple (charged with unlawful distribution of drugs) has moved for discovery pursuant to Rule 16 of "any memoranda, transcripts or writings in Government possession containing inculpating relevant statements, admissions or confessions purportedly made by defendant during the transactions alleged in Counts 1 through 7 of this indictment." In the motion Kopple states, "The defendant seeks to learn what it is he is supposed to have said to government agents or third parties during the transactions alleged in this indictment. It is only in that way that he can begin to prepare a defense against the charges of the indictment." In addition, Kopple has pending a motion for bill of particulars pursuant to Rule 7(f) in which he requests, "What are the inculpating rele-

---

1. In 73 CR 370 the Government has stated in open court that its case against Feinberg rests largely on statements allegedly made by him.

vant statements, admissions or confessions purportedly made by the defendant during the transactions alleged in Counts 1 through 7 of this indictment?" In support of this motion defendant states that he is "a 77-year-old physician, . . . unable to remember his whereabouts and activities on the dates alleged in this indictment."

Kuta (charged with extortion, etc., regarding Chicago zoning ordinance amendments) sought a bill of particulars which was granted, calling for the Government to "state any act, declaration or statement of the defendant which induced, provoked, stimulated or generated the belief and fear of Gaw as alleged in Paragraph 10 . . . [and] the belief and fear of Vanchieri and Allen respectively as alleged in Paragraph 2 of Counts 2 and 3." The Government has moved for reconsideration of that order.

From the foregoing, I trust this consistent attitude emerges: in cases the likes of the four presented here, I may, in the exercise of the discretion granted me by either Rule 7(f) or Rule 16(a), order the Government to disclose to the defendant statements made by the defendant to any person which the Government will use against the defendant at trial.

The Government's disagreement is equally consistent: it asserts that neither Rule 7(f) nor 16(a) authorizes such disclosure and that 18 U.S.C. § 3500 forbids it. In view of the Government's consistent opposition, it is unimportant whether the disclosure is ordered under Rule 7(f) or 16(a). As counsel for the Government observes in *Kuta*:

". . . the fact that the requests were made pursuant to Rule 7 [rather than Rule 16] is of no moment . . . We cannot, . . . change the essential nature of things . . . [A]s Mr. Justice Holmes so wise-

ly observed: 'We must think things not words or at least, we must constantly translate our words into facts for which they stand, if we are to keep the real and true.' Holmes Law in Science and Science in Law, 12 Harv.L.Rev. 443, 460 (1899)."

While the Rule 7(f) bill of particulars route for disclosure of this type of information has withstood a mandamus challenge in Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967),[2] in an area as vital to the administration of criminal justice as pretrial discovery, hopefully we have matured beyond the point that we would grant one defendant disclosure of his statements because his lawyer sought it by way of a motion for a "bill of particulars" but deny it to another whose lawyer sought it by way of a motion for "discovery."

There is one more common thread to these cases which deserves comment before turning to the interplay of the discovery rules and Section 3500. It is varyingly said in the briefs submitted to me by different Government counsel that the orders will require the disclosure of "virtually our entire case." The statement seems to carry with it the suggestion that pretrial disclosure is undesirable.

Despite professional protestations to the contrary, there does remain a good bit of "sporting" and "tactics" and affection for the "weapon of surprise" in the trial of lawsuits, both civil and criminal. If, however, a trial is a search for the truth (albeit an imperfect search) pretrial disclosure in both civil and criminal cases is to be encouraged. In civil cases, we have become so insistent in this regard that the parties cannot proceed to trial until the court is convinced that there has been complete disclosure of witnesses, anticipated testimony, exhibits, expert qualifications and

---

2. Defendant Feinberg's request for a bill of particulars was couched in precisely the language used in *Will.* Thus it is understandable that Feinberg's counsel was distressed when, on my earlier reconsideration of the bill of particulars, I concluded that I would treat the motion as one for discovery under Rule 16(a).

reports, damages, etc., all culminating in comprehensive stipulations, agreed statements and pretrial orders to the end that the trial (if there is one) is no longer a recreation of the event, but instead a recreation of the discovery. In the words of my colleague, Judge Hubert Will, we do these things to the end that we may attain a "higher quality of justice." Similar motivations should be present in criminal cases and they are if my reading of contemporary literature is at all perceptive. See, e.g., ABA Standards for Criminal Justice, Discovery and Procedure Before Trial (App'd Dr.1970); J. Zagel and Z. Carr, State Criminal Discovery and the New Illinois Rules, 1971 Ill.L.F. 557.

■■ Pretrial discovery of relevant information and the sources thereof should be as complete in criminal cases as it is in civil cases. Disclosure should be made by both sides, subject to reasonable legislative regulation, to protective orders where the need for protection is demonstrated, and to the Constitutional right of the accused to be free from compelled *testimonial* incrimination. In this way criminal cases, like civil, will be subject to knowing and intelligent pretrial disposition by plea or dismissal; unnecessary delays during the course of trial while counsel examine exhibits, statements, transcripts and the like will be avoided; and the problems of *Bruton*,[a] *Miller*,[b] *Napue*[c] and *Brady*[d] will be obviated.

I turn, now, to the construction and application of the Rules and Section 3500 to the cases at hand.

### THE SCOPE OF THE RULES

Rule 7(f) of the Federal Rules of Criminal Procedure provides, in material part, "The Court may direct the filing of a bill of particulars . . . " Rule 16, which is the head of the authority to grant discovery, provides in material part:

"(a) *Defendant's Statements*; . . . Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements . . . made by the defendant, . . . within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, . . .

"(b) . . . Except as provided in subdivision (a)(2), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. § 3500.

\* \* \* \* \* \*

"(d) . . . *Manner of Discovery and Inspection*. An order of the court granting relief under this rule shall specify the . . . manner of making the discovery and inspection permitted and may prescribe such terms and conditions as are just.

"(e) *Protective Orders*. Upon a sufficient showing, the court may . . . order that the discovery or inspection be . . . restricted . . . or make such other order as is appropriate. . . . "

■ The Government's initial contention is that, apart from the restrictions of Section 3500, the Rules do not contemplate disclosure of statements made by a defendant to persons other than

---

**a.** Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

**b.** Miller v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967).

**c.** Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).

**d.** Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

agents of the Government. Thus, the Government would read Rule 16(a) as if it were written: " . . . the court may . . . permit the defendant to inspect . . . written or recorded statements . . . made by the defendant [to agents of the Government]. . . ." I am unable to accept such a narrow reading of 16(a) for a number of reasons.

Paramount is the fact that the Rule simply does not contain the restrictive language the Government would interpolate into it. If such had been the intent of either the draftsmen or of the Supreme Court in its adoption of 16(a), suitable language would have been used to that end. Indeed, such language was used in drafting that portion of 16(b) which conformed the Rule to Section 3500. Its inclusion there and omission from 16(a) can only be regarded as a clear manifestation that the statements made by the defendant which are discoverable under 16(a) are not limited to statements made to agents of the Government.

Furthermore, resort to the Notes of the Advisory Committee to the 1966 Amendment (which resulted in the language in question) demonstrates that such a restriction was not intended. The Notes make no suggestion of such a restriction. They relieve the defendant of any obligation to designate particular statements "because he may not always be aware that his statements . . . are being recorded." And in support of the conclusion that the proposed amendment was in line with "the law in a number of states," the Committee cited, inter alia, Cash v. Superior Court, 53 Cal.2d 72, 346 P.2d 407 (1959), which involved the disclosure of statements made by a defendant to a person not known to him to be an agent of the prosecution.

Finally, such an interpretation would create the anomaly of potential disclosure of a confession to a Government agent but not to a non-agent (see, United States v. Wilkerson, 456 F.2d 57, 61 (6th Cir. 1972)) as well as factual inquiries into who was or was not an agent which would be totally immaterial to the evidentiary content of the statement or confession. See, United States v. Bryant, 142 U.S.App.D.C. 132, 439 F.2d 642, 649 (1971).

Thus, it is my conclusion that the Rule should be given what I regard as its literal interpretation: disclosure may be ordered of statements made by a defendant regardless of to whom they were made. In arriving at this conclusion I am not without company. United States v. Crisona, 416 F.2d 107, 114 (2d Cir. 1969); United States v. Ahmad, 53 F.R.D. 186 (M.D.Pa.1971); see, also, United States v. Bryant, 142 U.S.App.D.C. 132, 439 F.2d 642, 649 (1971) (statement made to "undercover" agent during course of crime); United States v. Lubomski, 277 F.Supp. 713 (N.D.Ill. 1967) (statement to I.R.S. agent during course of attempted bribery). In fact, the Bench Book for United States District Judges, published by the Federal Judicial Center, which I am encouraged to use, includes *"Discovery* of all oral, written or recorded statements or memorandum of them made by defendant to investigating officers or *third parties* and in possession of the Government." ¶ 3(a), ch. 4.01.4 (emphasis added); see, also, Omnibus Pretrial Proceedings by Hon. John W. Oliver, Western District of Missouri, 58 F.R.D. 270.[3]

A second potential restriction internal to 16(a), although not pressed by the Government here, is that disclosure is limited to statements either written or signed by the defendant or recorded verbatim. United States v. Garrett, 305 F.Supp. 267 (D.N.Y.1969), rejected the argument when made to avoid disclosure of an I.R.S. agent's report of a statement made by the defendant, the court

---

3. A corollary of the Government's third-party argument, which is not pressed here, is that pre-arrest or non-custodial statements are not discoverable. The distinction has been rejected. United States v. Leighton, 265 F.Supp. 27 (S.D.N.Y.1967); United States v. Bryant, 142 U.S.App.D.C. 132, 439 F.2d 642 (1971).

reasoning that a statement was "recorded" within the meaning of Rule 16(a) when its content was memorialized in a report made after the fact. The *Garrett* rationale is consistent with the history of the meaning of recorded statements under Section 3500 and, in my judgment, is the preferred one. Otherwise we would lose sight of the purpose of 16(a) discovery: to disclose to the defendant what the Government intends to prove the defendant said, not how it intends to prove it.

In sum, it is my opinion that Rule 16(a) contemplates discretionary pretrial disclosure of a defendant's statements to a non-agent of the Government (i. e., to "third parties") regardless of how the statement has been "recorded."

## THE PROHIBITION OF SECTION 3500

18 U.S.C. § 3500 provides in material part:

"(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

"(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. . . ."

In recognition of the restrictions which Section 3500 imposes on pretrial discovery of witness statements, Rule 16(b) provides that "[e]xcept as provided in subdivision (a)(2),[4] this rule does not authorize discovery or inspec-

tion . . . of statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. § 3500."

 The essence of the Government's argument here is that when a defendant's statement to a third party is incorporated into a statement made by the third party (or another), that portion of the person's statement which relates to the defendant's statement is not discoverable prior to trial because Section 3500 provides that no statement of a prospective witness is discoverable until the witness has testified. The defendant's statement is absorbed into the statement of the third party. Thus, the content and circumstances of the defendant's statement are not discoverable in advance of trial if the Government's knowledge of them was gained through information provided by a prospective witness whose statement is not discoverable until he testifies. Because I do not perceive those consequences to have been intended by either the language or purpose of Section 3500, I reject the Government's argument.

Statements of "the defendant" are excluded from the scope of the Act and under its express terms discovery of such statements need not await trial. The Act reads, "no statement . . . in the possession of the United States which was made by a . . . witness . . . (other than the defendant) shall be the subject of . . . discovery . . . until said witness has testified on direct examination . . . ." 18 U.S.C. § 3500. The parenthetical exclusion of the defendant can only be regarded as a clear manifestation on the part of Congress that it did not intend Section 3500 to have any application to statements made by a defendant.

Furthermore, today the Act makes no distinction as to whom the statement was made. As originally enacted in

---

4. Clause (a)(2) relates to physical and mental examinations and experiments and is not applicable here.

1957, the Act was limited to statements in the possession of the Government made by a prospective witness (other than that defendant) "to an agent of the Government." 18 U.S.C. § 3500. Statements made by a prospective witness "to an agent of the Government" were protected from pretrial discovery; statements made by the defendant "to an agent of the Government" were not. In 1970, Congress deleted the language "to an agent of the Government." Pub.L. 91–452, Title I, § 102, Oct. 15, 1970, 84 Stat. 926; 18 U.S.C.A. § 3500 (pocket parts). As a consequence, statements in the possession of the Government made by a prospective witness (other than the defendant) are protected from pretrial discovery, regardless of to whom the statements were made. By the same token, statements made by the defendant are subject to pretrial discovery, regardless of to whom the statements were made.[5]

Had Congress intended to restrict pretrial disclosure of a defendant's statements it readily could have found the language to do so. But that was not its purpose. As the Supreme Court observed in Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959), Congress was concerned with the gross unfairness of allowing "the defense to use statements to impeach a witness which could not fairly be said to be the *witness'* own . . . The purpose of the Act, its fair reading and its overwhelming legislative history compel [the conclusion] . . . that *statements of a government witness* . . . which cannot be produced under the terms of 18 U.S.C. § 3500 . . . cannot be produced at all . . . It is clear that Congress was concerned that only those *statements* which could properly be called *the witness' own words* should be made available to the defense

for purposes of impeachment." (360 U.S. 343, 350, 351, 353, 79 S.Ct. 1217, 1223; emphasis supplied.) At no point in the Act, or in the Court's definitive interpretation of the Act, is pretrial disclosure of a defendant's statement prohibited or deferred. It is the statements of prospective witnesses and those statements alone to which the Act is addressed.

But, the Government argues, unlike a tangible object, the statements of a defendant, the likes of which are here involved, do not have "palpable existence" separate and apart from the testimony of a prospective witness.[6] Thus, it is "manifestly impossible" to reveal the contents and circumstances of a defendant's statement without revealing the contents of the prospective witness' statement which is forbidden by Section 3500. The rationale is engaging but not persuasive.

The statement remains that of the defendant irrespective of who witnesses, reports or memorializes it. It does not become the statement of the prospective witness merely because he repeats or reports it. Its probative vitality rests on the fact that it is the defendant's statement. Indeed, were I to adopt the Government's reasoning, it would ·follow that a defendant could not obtain disclosure of an in-custody oral confession made to an agent of the Government and thereafter memorialized in the agent's report because to do so would be to order discovery of the statement of a prospective witness, i. e., the agent's statement that the defendant had confessed.

As the Government has reminded: "We must think things not words, or at least we must constantly translate our words into facts for which they stand, if we are to keep the real and true." Holmes, *supra*. The "things" and "facts" here are that the Government

---

5. The deletion was motivated by a Congressional desire to protect grand jury testimony from disclosure. The breadth of the language employed does more than that.

6. Presumably the argument would not be made if the "statement" was written or

signed by the defendant or was a sound recording of his voice. These would have a "palpable existence." Nonetheless, their use at trial would be dependent on authentication by a witness.

will assert that a defendant made a statement. The overriding philosophy of pretrial discovery in criminal cases is that the defendant is entitled to know the content and circumstances of that statement. It may be that only through disclosure will the defendant recall it or be able to appraise its completeness or context. It may be that only through disclosure will defendant's counsel learn of it.[7] Certain it is that as to the defendant, his statement will have an existence apart from the contents of a prospective witness' statement.

I turn to the decisions applying the Act, upon which the Government relies. Most important is the Seventh Circuit's opinion in United States v. McMillen, 489 F.2d 229 (No. 72–1648, Oct. 17, 1972).[8] There my colleague, Judge Thomas McMillen, on the motion of one defendant ordered the Government to produce "Statements made by any co-defendant . . . with whom defendant Siegel is . . . to be tried." Thereafter Judge McMillen ordered production of "[s]tatements of all defendants which mention Robert Siegel in connection with this case. . . ." The Government sought mandamus to compel vacation of the latter order. The Court of Appeals granted the writ because "Rule 16(b) and § 3500 prohibit a district judge from ordering production of statements of Government witnesses, whether or not they are co-defendants, before they have testified. Robert Buss is the only co-defendant named by the Government as a prospective witness for the Government. . . . Accordingly the writ shall issue to deny defendants' access to Robert Buss' statements until he testifies at the trial."

McMillen does not speak to the disclosure I order here. My direction to the Government is that it disclose to the several defendants their own statements; not the statement of a prospective witness. I do not read McMillen as prohibiting that disclosure merely because the defendant's statement has been incorporated in the statement of a prospective witness.

More to the point is the decision of the Seventh Circuit in United States v. Sepulveda et al., 478 F.2d 1406 (1973).[9] There, on appeal from their conviction, defendants complained of the trial court's refusal to order disclosure "of statements in the Government's possession made by third parties but repeating appellants' statements to such third parties." In addition to finding that the appellants were not prejudiced by the non-disclosure prior to trial, the court (per Mr. Justice Clark sitting by designation) said, "This Court has held that Rule 16(a) does not authorize the production of third party statements that relate a defendant's statements second hand [citing United States v. McMillen, supra]." With all respect, that is not what McMillen involved unless, by his statement, Mr. Justice Clark meant that incorporation of a statement attributed to a defendant does not warrant disclosure of the entire statement of the prospective witness. If that be the holding of Sepulveda I am in accord. As my orders herein make clear, the Government need not display any part of a particular prospective witness' statement. All that it need do is diclose to the defendant the statements attributable to him which the Government intends to use at trial, and the persons to whom and the date upon which the statements were made.

Nor does the Second Circuit's recent decision in United States v. Percevault, 490 F.2d 126 (1974), reject dis-

---

7. We should not lose sight of the teachings of experience that defendants do "forget" statements they have made and that one of the purposes of discovery is to assure the effective assistance of counsel. This need is particularly acute in the case of the defendant Kopple.

8. While unreported when rendered, I am advised that McMillen has been released by Chief Judge Swygert for publication.

9. Under the Seventh Circuit's Rule 28, Sepulveda has no precedential value and should not be cited. The administration of justice will be furthered if counsel will honor the Rule.

closure of the nature here ordered. There the district court ordered pretrial disclosure of statements of alleged co-conspirators on the theory that they would be admissible at trial against the defendant as his vicarious admissions 61 F.R.D. 338. The Government refused to make disclosure of "written or oral statements or confessions made after the conspiracy terminated by co-conspirators, including co-defendants, whom the Government intends to call as witnesses at the trial. . . ." On appeal pursuant to 18 U.S.C. § 3731, the district court having announced that it would exclude the undisclosed statements, the court of appeals reversed. It rejected the district court's vicarious admissions rationale [10] and, having done so, regarded the situation as akin to United States v. McMillen, *supra,* which indeed it was. Thus, *Percevault,* like *McMillen,* did not involve statements made by the defendant.

United States v. Wilkerson, 456 F.2d 57, 61 (6th Cir. 1972), comes closer on the facts. There, as in *Sepulveda,* an appeal following conviction was based, in part, on the trial court's refusal to order disclosure of a "confession" made by the accused to a person not an agent of the Government. In affirming, the court of appeals merely observed, "the defendant's right to challenge the witness is adequately protected by the Jencks Act. Moreover, we believe that the language of both Rule 16(a) and the Jencks Act indicates that the focus of this discovery rule is on direct communications between a witness and the Government." It appears to me that the real thrust of *Wilkerson* is that the "focus" of Rule 16(a) and Section 3500 is on statements made by the defendant directly to the Government. For the reasons stated in my discussion of the scope of the Rules, I do not agree with that interpretation of Rule 16(a).

Finally, there is United States v. Dorfman, 53 F.R.D. 477 (S.D.N.Y.1971).

There the court concluded, as the Government here urges, that statements made by a defendant which are incorporated into a statement of a prospective witness are not discoverable under Section 3500. My reading of *Dorfman* suggests that the court did not consider Section 3500's express exception of statements made by the defendant and, accordingly, I decline to follow it.

It is my considered judgment that none of the decisions relied upon by the Government compel me to deny disclosure of a defendant's statements to third parties.

There does remain one final consideration. Rule 16(b) provides that the rule "does not authorize the discovery . . . of statements made by . . . prospective government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. § 3500." Thus the phrase "to agents of the Government" remains in the Rule although it has been deleted from Section 3500. Assuming that the language has significance apart from its origin in Section 3500, it has no effect here for our concern is with statements of the defendants which are discoverable in advance of trial under the express terms of Rule 16(a) and Section 3500.

For the foregoing reasons the motions of the Government for reconsideration in 73 CR 370, 73 CR 646 and 74 CR 22 will be Denied and the defendant's motion for discovery in 73 CR 778 will be Granted. Appropriate orders will be entered in each case. To facilitate review of these orders pursuant to 18 U.S.C. § 3741, I state that I will exclude from evidence and deny the Government the right to use at trial any statements made by the several defendants which are not disclosed pursuant to the views expressed herein.

---

10. It would appear that such post-termination statements would not be admissible against the defendant on trial as his vicarious admissions.