UNITED STATES of America,
Plaintiff-Appellant,

v.

Bernard FEINBERG, Defendant-
Appellee.

UNITED STATES of America,
Plaintiff-Appellant,

v.

John C. THOMPSON, Defendant-
Appellee.

Nos. 74–1253, 74–1254.

United States Court of Appeals,
Seventh Circuit.

Heard June 7, 1974.

Decided Sept. 12, 1974.

Rehearing Denied in No. 74–1253
Oct. 15, 1974.

James R. Thompson, U. S. Atty., Gary L. Starkman, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellant.

Joseph A. Lamendella, Elmer Gertz and Wayne B. Giampietro, Chicago, Ill., for defendants-appellees.

Before CLARK, Associate Justice,[1] CUMMINGS, Circuit Judge, and BEAMER, Chief District Judge.[2]

CUMMINGS, Circuit Judge:

■ These consolidated cases have a somewhat different procedural origin. In *Feinberg,* pursuant to a motion for a Bill of Particulars under Rule 7(f) of the Federal Rules of Criminal Procedure, the district judge ordered the Government to respond to the following (see 371 F.Supp. at 1208):

1. Whether a written memorandum or verbatim transcript of oral statements made by the defendant to Government agents or third persons exists;

2. Whether the Government has possession of existing memoranda or transcripts;

3. The name and address of the persons to whom the defendant made oral statements;

4. The date on which the defendant made oral statements; and

5. The substance of oral statements by the defendant.

The first four matters are not within the prohibition of the Jencks Act (18 U.S.C. § 3500), so that the district judge acted within his discretion in ordering the answers. See Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305;[3] United States v. Rimanich, 422 F.2d 817, 818 (7th Cir. 1970). In fact, the Government's brief only challenges the order insofar as it requires the Government to produce the statements (or the substance thereof) made by the defendant to prospective government witnesses.[4] On the Government's motion to reconsider, the district court treated defendant's request as one for discovery under Rule 16(a) of the Federal Rules of Criminal Procedure and again held that such statements were producible.

In *Thompson* the court granted defendant's motion for discovery under Rule 16(a) insofar as the defendant sought to inspect and copy statements made by him that were contained in statements made by third parties, within the possession, custody or control of the Government. Because of the restrictions of the Jencks Act, we reverse as to such statements in both cases.

■ In pertinent part, Rule 16(a)(1) permits the district court to order the Government to permit a defendant to inspect and copy or photograph any relevant "written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government * * * ." The Advisory Committee's notes make it plain that the words "to the attorney for the government" modify the phrase "the existence of which is known, or by the exercise of due diligence may become known". 8 Moore's Federal Practice, ¶ 16.01[3] p. 16–5 (2d ed. 1973). Therefore, as held below (371 F.Supp. at 1216), Rule 16(a)(1) is not limited to statements of the defendant made to agents of the Government. United States v. Baker,

1. The Honorable Tom C. Clark, Associate Justice of the Supreme Court of the United States (Retired), is sitting by designation.

2. Chief Judge George N. Beamer of the Northern District of Indiana is sitting by designation.

3. In the *Will* case, the district judge refused to order the Government to reveal the substance of statements made by defendant to private parties. 389 U.S. at 92, n. 1, 88 S. Ct. 269.

4. After the oral argument, the Government referred us to Part II of its brief in the pending case of United States v. Jackson, No. 74–1488 (7th Cir.), which contends that the Government need not produce a pretrial list of its witnesses to defendants. Judge Marshall did not require the Government to produce such a list but only a list of persons to whom Feinberg made oral statements. This is comparable to the procedure permitted in *Will.* See 389 U.S. at 92, n. 1 and 100–101, 88 S.Ct. 269. Therefore, we need not reexamine the witness list problem here.

262 F.Supp. 657, 671–672 (D.D.C.1966);
Moore, supra, ¶ 16.01[1] p. 16–38.

On the other hand, Rule 16(b) provides in pertinent part that Rule 16 does not authorize the discovery or inspection "of statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in" the Jencks Act. Accordingly, it is necessary to refer to the Jencks Act to see if it permits the discovery of defendants' statements made to prospective government witnesses (371 F.Supp. at 1212).

In pertinent part, the Jencks Act provides (18 U.S.C. § 3500(a)):

> "In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) . . . shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

▇ While we sympathize with broadened discovery in criminal cases, the foregoing statutory provision proscribes pretrial discovery of statements of government witnesses, including those parts which relate conversations of the defendant. Such statements are not producible under 18 U.S.C. § 3500(b) until after a witness called by the United States has testified on a subject matter related to the statements. United States v. Wilkerson, 456 F.2d 57, 61 (6th Cir. 1972), certiorari denied, 408 U.S. 926, 92 S.Ct. 2506, 33 L.Ed.2d 337; United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972), certiorari denied sub nom. Kropke v. United States, 409 U.S. 914, 93 S.Ct. 233, 34 L.Ed.2d 176; United States v. Dorfman, 53 F.R.D. 477, 479 (S.D.N.Y.1971), affirmed, 470 F.2d 246 (2d Cir. 1972). The Commentary of the American Bar Association's Advisory Committee on Pretrial Proceedings does not discuss the question although its report acknowledges other hurdles presented by the Jencks Act. See ABA Standards Relating to Discovery and Procedure before Trial (1969), pp. 58–59, 62. United States v. Duffy, 54 F.R.D. 549 (N.D.Ill.1972), dealt with a quite different, though possibly overlapping, discovery request, so that it does not support defendants.

▇ As noted in *Dorfman,* in excluding pretrial discovery of oral statements made by defendant to prospective government witnesses, Congress was endeavoring to protect the security of those witnesses. Prohibiting the disclosure ordered here until the witness has testified at trial also protects the integrity of the Government's evidence. Probably these same factors motivated the draftsmen of proposed Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure (presently scheduled to go into effect on August 1, 1975) to limit pretrial discovery to the "substance of any oral statement which the government intends to offer in evidence at the trial *made by the defendant* whether before or after arrest in response to interrogation by any person then known to the defendant *to be a government agent*" (emphasis supplied) (62 F.R.D. 304–305). Since the proposed rule was intended to give "greater discovery" than before (62 F.R.D. 308), it strongly reinforces our holding that the present rule does not permit the discovery sought.

▇▇ As the district judge intimated, any statement of the defendant in the Government's possession involves at least an implicit statement of someone else—if only the stenographer—that the defendant made the statement attributed to him. 371 F.Supp. 1213. This does not mean that we are overruling past decisions permitting the defendant to discover his own statements. There may be line-drawing problems, but the guiding principle is fairly clear. A defendant's statement is discoverable when it or an account thereof is "written or recorded" (Rule 16(a)(1)) promptly after the statement is made. Where a

written record is contemplated when the statement is made and an account of the statement is eventually written down, the writting should be discoverable even if there was some delay. But where the statement is originally memorialized only in the recollection of a witness, then it is not discoverable even if that witness' recollection is eventually written or recorded. Unlike the district judge, we accept the Government's rationale that ordinarily "it is 'manifestly impossible' to reveal the contents and circumstances of a defendant's statement without revealing the contents of the prospective witness' statement which is forbidden by Section 3500" (371 F. Supp. at 1213).

In his opinion below, Judge Marshall has assembled powerful arguments in favor of his discovery orders. See 371 F.Supp. at 1205. Nevertheless, the language of the Jencks Act, incorporated by reference into Rule 16(b), prevents us from approving those orders insofar as they require the Government to produce before trial statements made by a defendant to a prospective government witness. The relief sought by the defendants must come from Congressional revisions of the Jencks Act or amendments to proposed Rule 16(a)(1)(A) to make it coextensive with the ABA Standards, *supra*, whose Section 2.-1(a)(ii) provides for the disclosure of "any written or recorded statements and the substance of any oral statements made by the accused * * * ." We would be able to adopt this standard in the absence of the Jencks Act bar.

In *Feinberg*, the suppression order is reversed insofar as it is based on the Government's failure to furnish defendant with the substance of his statements to prospective government witnesses. In *Thompson*, the suppression order is reversed insofar as it is based on the Government's failure to produce before trial those parts of statements of prospective government witnesses containing statements of the defendant.

Affirmed in part; reversed in part; each party to bear its own costs.