**UNITED STATES of America, Plaintiff,**

v.

**Gus ALEX, et al., Defendants.**

**No. 91 CR 727–02.**

United States District Court
N.D. Illinois, E.D.

April 20, 1992.

**1014**

Chris C. Gair, Mark J. Vogel, U.S. Atty's. Office, Chicago, Ill., for plaintiff.

Martin S. Agran, Agran & Agran, Chicago, Ill., for M. Rainone.

Carl M. Walsh, Sam Adam, Chicago, Ill., for G. Alex.

David S. Mejia, Oak Park, Ill., for L. Patrick.

Kenneth H. Hanson, Chicago, Ill., for N. Gio.

## ORDER

ALESIA, District Judge.

Before the court are pretrial motions filed under seal by defendant Gus Alex ("Alex"). Specifically, Alex filed a motion for severance and a motion for production. The government filed both its response and supplemental response under seal. Alex filed a consolidated reply. However, Alex's reply was not filed under seal. We now address each motion in turn.

## I. MOTION FOR SEVERANCE

■ In this motion, Alex seeks an order granting his severance from the indictment, his severance from co-defendants Leonard Patrick ("Patrick") and Mario Rainone ("Rainone"), or alternatively, severing Counts One and Four from the indictment. Patrick has pleaded guilty to a superseding information and will testify for the government. Rainone is scheduled to enter his blind plea of guilty on April 21, 1992. Accordingly, Alex's motion for severance from co-defendants Patrick and Rainone is denied as moot. However, in the event Rainone decides not to plead guilty, Alex may renew his motion for severance.

■ In this same vein, we deny Alex's motion to sever Count One (RICO conspiracy) and Count Four (extortion) from the indictment pursuant to Federal Rule of Criminal Procedure 14.[1] He argues that

---

1. Federal Rule of Criminal Procedure 14 pro-    vides, in relevant part, that: "If it appears that a

severance of these counts is warranted because he is not named as a defendant in the substantive RICO count (Count Two), and there is a gross disparity in the weight of the evidence against him as opposed to his co-defendants.

The short answer to Alex's argument is that he has not demonstrated that he will have an unfair trial absent severance of Counts One and Four. In *United States v. Caliendo*, 910 F.2d 429 (7th Cir.1990), the Seventh Circuit considered and rejected a similar argument. Like Alex, one of the defendants in *Caliendo* argued "that the 'disparity of evidence' presented against her as compared to her codefendants and the violent nature of the evidence presented solely against her codefendants prejudiced the jury against her." *Caliendo*, 910 F.2d at 437. In affirming the district court's denial of her motion for severance, the court stated that mere "disparity in the evidence" does not support severance. *Caliendo*, 910 F.2d at 438. Equally important, the court held that "disparity in the evidence," "does not independently establish 'actual prejudice.'" *Caliendo*, 910 F.2d at 438 (quoting *United States v. Moya–Gomez*, 860 F.2d 706, 754–55 (7th Cir.1988)).

Alex's motion to sever must meet the same fate. He is charged in the RICO conspiracy count as the individual who ultimately oversaw the racketeering activities of the Lenny Patrick Street Crew. It is true that the indictment does not charge Alex with physically intimidating or threatening individuals. However, the indictment does charge that Alex approved criminal activities planned by Patrick and that he received a share of extortion proceeds obtained by the Lenny Patrick Street Crew. We are persuaded by the government's argument that in order to effectuate the purposes of the RICO statute members of an enterprise who occupied different positions within the hierarchy should be tried together. *See United States v. Lee Stoller Enterprises, Inc.*, 652 F.2d 1313, 1319 (7th

Cir.), *cert. denied*, 454 U.S. 1082, 102 S.Ct. 636, 70 L.Ed.2d 615 (1981).

■ Furthermore, we are persuaded by the authority in this circuit which recognizes a strong interest in conducting joint trials for persons who have been jointly indicted. *United States v. Zafiro*, 945 F.2d 881, 885 (7th Cir.1991), *cert. granted*, —— U.S. ——, 112 S.Ct. 1472, 117 L.Ed.2d 617 (1992); *United States v. Gonzalez*, 933 F.2d 417, 425 (7th Cir.1991); *United States v. Studley*, 892 F.2d 518, 523 (7th Cir.1989). This presumption applies with great force here, where the indictment charges a conspiracy. *Caliendo*, 910 F.2d at 437; *United States v. Percival*, 756 F.2d 600, 610 (7th Cir.1985). Finally, the court will instruct the jury to give separate consideration to each defendant and to separate each charge against him. *See Caliendo*, 910 F.2d at 438; *Studley*, 892 F.2d at 524.

Accordingly, we deny Alex's motion as moot to the extent he requests a severance from co-defendants Patrick and Rainone. In addition, we deny Alex's motion to sever Counts One and Four from the indictment as not warranted under Rule 14 of the Federal Rules of Criminal Procedure.

## II. MOTION FOR PRODUCTION

Alex requests that the court order the government to produce a variety of information under Rules 12 and 16 of the Federal Rules of Criminal Procedure. The court addresses each category of documents in turn.

### A. *Statements of Co–Defendants*

■ Alex requests an order requiring the government to tender the statements of Patrick and Rainone in which either co-defendant mentions Alex or implicates him in any fashion. In light of Patrick's subsequent plea of guilty, Alex has revised his request to the extent that he seeks the statements of his non-testifying co-defendant, Rainone. The government objects and argues that such statements are exempt from discovery under Federal Rule of

---

defendant ... is prejudiced by a joinder of offenses ... in an indictment ... the court may order an election or separate trials of counts ...

or provide whatever other relief justice requires." Fed.R.Crim.P. 14.

Criminal Procedure 16(a)(2). Moreover, the government expressly states that it will not provide co-defendant statements to Alex absent an order from this court. (Government's Response, p. 2.)

The government has offered no compelling explanation for not tendering Rainone's statements to Alex. Therefore, this court will exercise its discretion and order the government to tender the statements of Rainone to Alex on or before April 27, 1992. *See United States v. Zarattini*, 552 F.2d 753, 757–58 (7th Cir.), *cert. denied*, 431 U.S. 942, 97 S.Ct. 2661, 53 L.Ed.2d 262 (1977); *United States v. McMillen*, 489 F.2d 229, 231 (7th Cir.1972), *cert. denied*, 410 U.S. 955, 93 S.Ct. 1420, 35 L.Ed.2d 687 (1973).

On a related note, Alex seeks the production of all tapes and transcripts in which he was a speaker pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A). The government responds to this portion of Alex's motion by stating that "[t]here are no additional tape recorded conversations in which Alex was a participant." (Government's Response, p. 2.) This portion of Alex's motion is denied as moot.

### B. *Photo Identification of Alex*

In its supplemental response to Alex's motion, the government has specifically identified those individuals who were shown surveillance photographs of Alex. The government has further identified the date on which these individuals were shown surveillance photographs and whether these individuals were or were not able to identify Alex. In his consolidated reply, Alex does not request any additional information on this point. Accordingly, this portion of Alex's motion is denied as moot.

### C. *Fingerprint Analysis*

The government responds to this portion of Alex's motion by stating that Alex's fingerprints were not submitted for expert analysis or comparison. The government further represents that no expert reports were prepared. This portion of the motion is accordingly, denied as moot.

### CONCLUSION

Alex's motion for severance is denied in part as moot, and in part because severance is not warranted under Rule 14 of the Federal Rules of Criminal Procedure. Alex's motion for production is granted to the extent that the government is directed to provide Alex with Rainone's statements on or before April 27, 1992.