UNITED STATES of America, Plaintiff,

v.

**Woodrow W. BENNETT, Defendant.**

No. 94–20054–01.

United States District Court, D. Kansas.

Oct. 19, 1994.

agents for the United States; (2) statements he made to alleged co-conspirators; and (3) co-conspirator hearsay statements which the United States may seek to attribute to him under Federal Rule of Evidence 801(d)(2)(E).

To date, the defendant has received copies of tape recordings and transcripts of conversations between the defendant and a potential government witness. The defendant has also been provided with a statement he made to a law enforcement officer of the United States. Further, pursuant to an agreed upon protective order entered by the court, defendant will receive a copy of his grand jury transcript and a subpoena compliance affidavit he submitted to the grand jury. The government has also offered defense counsel the opportunity to review all the documents received by the government and the grand jury during the Ward Parkway investigation.

■ Federal Rule of Criminal Procedure 16(a)(1)(A) governs disclosure by the government of statements by defendants, and provides, in relevant part, as follows:

**(A) Statement of Defendant.** Upon request of a defendant the government shall disclose to the defendant and make available for inspection, copying, or photographing; any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged. The government shall also disclose to the defendant the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

F. Russell Millin, Millin & Trader, Kansas City, MO, Bruce C. Houdek, James Millert, Houdek, Tyrl & Sommers, Kansas City, MO, for defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This is a criminal case in which the defendant Woodrow W. Bennett has been charged with entering into and engaging in a combination and conspiracy in unreasonable restraint of interstate trade and commerce, in violation of Section One of the Sherman Act (15 U.S.C. § 1). Defendant is charged with engaging in a conspiracy to submit collusive and rigged bids regarding contracts for the demolition and renovation of Ward Parkway Shopping Center. The matter is currently before the court on defendant's motion for disclosure of statements of defendant (Doc. # 21). For the reasons set forth below, defendant's motion is denied.

In his motion, defendant seeks, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, disclosure of three types of statements. These statements are: (1) statements he made to other individuals acting as

It is clear from the language of Rule 16(a)(1)(A) that oral statements of a defendant may be discovered "only when they are made 'in response to interrogation by any person then known to the defendant to be a government agent.'" *United States v. McClure*, 734 F.2d 484, 493 (10th Cir.1984) (quoting Rule 16(a)(1)(A)).[1] Thus, based on the plain language of Rule 16, this court is in agreement with those courts that have held that co-conspirator statements are not discoverable under Rule 16(a)(1)(A). *See United States v. Tarantino*, 846 F.2d 1384 (D.C.Cir.), *cert. denied*, 488 U.S. 867, 109 S.Ct. 174, 102 L.Ed.2d 143 (1988) ("statements made by the defendant" does not include co-conspirator statements, even if those statements can be attributed to the defendant for the purposes of the hearsay rule); *United States v. Roberts*, 811 F.2d 257 (4th Cir.1987) (plain language of Rule 16(a)(1)(A) pertains to discovery of statements made by defendant, and rule does not mention, nor was it intended to apply to, discovery of statements made by co-conspirators).

■ Although the statements sought to be discovered by defendant, including co-conspirator statements and statements by potential government witnesses that contain quotations attributable to defendant, do not fall under Rule 16(a)(1)(A), the court believes that such statements are covered by the provisions of the Jencks Act.[2] The Jencks Act, 18 U.S.C. § 3500, provides in relevant part that:

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena (sic), discovery, or inspection until said witness has testified on direct examination in the trial of the case.

■ The Jencks Act prohibits a district court from ordering production of statements of witnesses the government intends to call at trial before they testify. *See United States v. Rivera*, 6 F.3d 431, 439 n. 7 (7th Cir.1993); *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir.1988); *United States v. Moore*, 556 F.2d 479, 485 (10th Cir.1977). The Jencks Act prohibits pre-trial disclosure of the witness' statements even when such statements contain quotations allegedly attributable to the defendant. *See United States v. Hoffman*, 794 F.2d 1429, 1433 (9th Cir.1986); *United States v. Feinberg*, 502 F.2d 1180 (1974).

In this case, the government has made it clear that it intends to call as witnesses each of the defendant's alleged co-conspirators, who will attribute certain statements to the defendant. The statements of these witnesses fall within the Jencks Act. The government has agreed to make all Jencks Act statements available to defendant seven days before trial.[3] The court believes that such disclosure by the government one week before trial provides adequate time for defendant to prepare his case.

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** defendant's motion for disclosure of statements of defendant (Doc. # 21) is denied.

**IT IS FURTHER ORDERED THAT** the government shall provide all Jencks Act statements seven days before trial, as per its agreement.

**IT IS SO ORDERED.**

---

1. In this case, the only statement the defendant made to a known government agent has been provided to the defendant.

2. Rule 16(a)(2) provides that the Rule does not authorize discovery of "statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500."

3. The discovery process does not afford the defendant the right to obtain Jencks Act statements any sooner.