UNITED STATES of America

v.

Henry SCHARF, William Binder, Max Blauner, and Edward Samuels, Defendants.

No. 66 Cr. 953.

United States District Court
S. D. New York.

March 30, 1967.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, by Peter Fleming, Jr., Asst. U. S. Atty., for the Government.

Julien & Glaser, New York City, for defendant Blauner.

MEMORANDUM

BONSAL, District Judge.

Defendant Blauner, named with three other defendants in a thirteen-count indictment charging a conspiracy (18 U.S.C. § 371) to violate 26 U.S.C. § 7201 and § 7206(2) and substantive violations of these statutes and of 18 U.S.C. § 1001, moves for discovery and inspection puruant to Rule 16, F.R.Crim.P., as amended, of the following:

1. Written or recorded statements or confessions made by defendant Blauner within the possession, custody or control of the Government;

2. Results and/or reports of accountings and audits made in connection with this case by Government auditors and/or accountants at Coggeshall & Hicks, Inc., the existence of which is known, or in the exercise of due diligence may become known to the attorney for the Government;

3. The recorded testimony of defendant Blauner before the grand jury;

4. Certificates of Ownership (Form 3625), Blanket Certificates of American Ownership (Form 3650), Interest Equalization Tax Returns (Form 3780), Interest Equalization Tax Broker's Quarterly Information Returns (Form 3845), and Applications for Discharge of Property from Federal Tax Liens, prepared and/or executed by defendant Blauner which are within the possession, custody or control of the Government.

As to item 1, the Government indicates that the only statements made by defendant Blauner in its possession or control are the "results" of an interview that an Assistant United States Attorney and agents of the Internal Revenue Service had with defendant Blauner on March 7, 1966. The "results" of the interview were set down in writing by

the agents and the agents' memorandum was submitted to the Court for inspection in camera. Having inspected the memorandum, the Court finds that while it is not a verbatim transcript or recording and is not signed by defendant Blauner, it sets forth in detail and at length the substance of statements attributed to defendant Blauner at the interview. Consequently, the agents' memorandum is a recorded summary of statements attributed to defendant Blauner, in the possession, custody or control of the Government and is not a report, memorandum, or other internal government document within the meaning of the second sentence of Rule 16(b), F.R.Crim.P. Under Rule 16(a) (1), F.R.Crim.P., defendant Blauner is entitled to inspect and copy or photograph the memorandum, and his motion is granted to this extent.

As to item 2, the Government states in its affidavit that it does not possess or control results or reports of accountings or audits made by accountants at Coggeshall & Hicks, Inc., and at oral argument, the Government stated that the audits within its possession were prepared in connection with the investigation or prosecution of its case. Under Rule 16(b), F.R.Crim.P., discovery and inspection of these audits is not authorized. Accordingly, defendant Blauner's motion with respect to item 2 is denied.

As to item 3, the Government has consented to provide a copy of defendant Blauner's grand jury testimony at his expense.

As to item 4, the Government states in its affidavit that it does not possess or control the documents described in defendant Blauner's notice of motion.

Motion granted as to items 1 and 3 and the Government shall permit the defendant to inspect and copy the memorandum and grand jury minutes within ten days. Motion is denied as to items 2 and 4.

It is so ordered.