**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Frances MORRISON, Defendant.**

**No. 67 Cr 74.**

United States District Court
N. D. Illinois, E. D.

May 3, 1967.

3. 364 U.S. at 636, 81 S.Ct. at 362.

Edward V. Hanrahan, U. S. Atty., Lawrence E. Morrissey, Asst. U. S. Atty., for the government.

John J. Cleary, Chicago, Ill., for defendant Frances Morrison.

### MEMORANDUM OPINION

MAROVITZ, District Judge.

#### Defendant's Pretrial Motions

Defendant is charged in count one of a ten count information with willfully and knowingly concealing and failing to disclose the death of her mother to the Social Security Administration, with intent to fraudulently secure payment of the latter's widow's benefits when no such payments were authorized, in violation of 42 U.S.C. Sec. 408(d). In counts two through ten she is charged with making and causing to be made false statements and representations of a material fact by endorsing several checks, thereby falsely representing the rights of her deceased mother to receive the aforesaid payments, in violation of 42 U.S.C. Sec. 408(c).

She has made a number of pre-trial motions, each of which we will separately consider.

#### I. *Motion to Dismiss*

Initially, defendant charges that the information is unconstitutionally

vague and indefinite, and does not set forth a sufficient standard of criminal wrong.

· This contention is of no merit, since each count of the indictment recites the elements of the crimes substantially as stated in the relevant statutes, and sufficiently apprises the defendant of the nature of the charges against her. In our judgment, each count of the information is "a plain, concise, and definite written statement of the essential facts constituting the offense charged," as required by Rule 7(c) of the Federal Rules of Criminal Procedure.

The various alleged technical omissions or surplusage cited by defendant, are not proper grounds for objecting to the information. The teaching of Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861 (1932), cited by the government, although of ancient vintage in the rapidly expanding field of criminal law, accurately states the law ᵔn this point, as follows:

"The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. * * * ' "

The defendant's contention is, accordingly, rejected.

■ Nor are any of the counts duplicitous. Count one charges a single violation, that of concealing and failing to disclose an "event"—the death of the defendant's mother—which terminated the right to the payments. No duplicity

is created because the lack of disclosure continued throughout a series of payments. Duplicity means the inclusion of several violations in a single count. Since count one charges only a single violation which allegedly occurred over a period of time, it is not duplicitous.

■ Counts two through ten are not duplicitous since each alleges a separate offense. Each false representation constitutes an offense under section 408(c), unlike the sections of the Fair Labor Standards Act considered in United States v. Universal CIT Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952). Because nine separate offenses are charged, we will also deny defendant's motion to consolidate.

■ In the Court's judgment, counts two through ten need not contain an allegation of specific intent on the part of defendant, as was required in Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952). These counts were phrased in the precise language of section 408(c), for the most part. That section does not include the element of specific intent. Since section 408(d), involved in count one, does require specific intent, we believe Congress intended a deliberate distinction between the two subsections, and purposely omitted the element of specific intent from section 408(c). This being the case, an information under sec. 408 (c) need not affirmatively allege that element. The distinction was upheld in United States v. Irwin, 354 F.2d 192, 197 (2d Cir. 1965), where the court, in considering a different statute used additional language equally pertinent here:

"This does not mean, however, that intent is not an essential element of the offense set forth in Sec. 201(f). Although the specific intent of subsections (b) through (e) are not required, nevertheless, to convict an accused under subsections (f) through (i), it is necessary that the Government prove that he committed the act prohibited knowingly and purpose-

fully and not through accident, misunderstanding, inadvertence or other innocent reasons. * * * "

Finally defendant contends that the information is barred by the applicable five year statute of limitations. (18 U. S.C. Sec. 3282).

But it is clear that even though count one charges a continuing offense commencing on January 1, 1961, the statute of limitations is inapplicable, because the concealment charged continued until April 30, 1963, a date well within the five year period. Since the concealment of her mother's death constituted a continuing course of conduct, the statute began to run on the date the conduct ceased, on or about April 30, 1963.

The statute is also inapplicable to counts two through ten since each separate offense charged, occurred well within the five year period, the earliest one being September 3, 1962.

Defendant has not been deprived of her Sixth Amendment right to a "speedy trial." The information was filed within the limitations period. Although there was a delay, we do not agree that defendant will be disadvantaged in a case of this type. She may obtain through discovery whatever information is necessary to her defense, upon a proper showing. As the Seventh Circuit said recently in United States v. Panczko, 367 F.2d 737 (7th Cir. 1966):

> " * * * The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice. * * * "

For all of the above reasons, the motion to dismiss will be denied.

## II. *Motion for Discovery of Defendant's Statements*

The government has agreed to make available the written statement of the defendant for her inspection. She should be permitted to copy any such statement.

Defendant, however, made several oral statements to federal agents, which were incorporated in written interview reports sometime after the conclusion of the interviews. The government refuses to make these reports available on the ground that they do not constitute "statements or confessions made by the defendant" under the recently amended Rule 16(a) (1) of the Federal Rules of Criminal Procedure.

We believe, however, that the spirit of Rule 16(a) (1) could easily be evaded if the government were able to conceal these reports from the defendant. Rule 16 was designed to liberalize the courts' powers in regard to the grant of pre-trial discovery. Were we to deny a request for this material, we can foresee the day when government agents would make it their practice to summarize their interviews, rather than recording them verbatim, in an effort to avoid discovery. The philosophy underlying Rule 16, in our judgment, applies equally to verbatim statements and summaries thereof. Therefore, we direct the government to produce the summaries of defendant's statements in its possession, custody or control. At the request of the defendant this court has, in camera, inspected the government's file and finds that the summaries of defendant's statements contained therein are not protected from discovery.

## III. *Motion for Discovery of Documents*

Defendant has made no showing of materiality or reasonableness, as is required by Rule 16(b) for the production of documents. Defendant has made merely a bare allegation that the requested documents are material to the preparation of her defense. More must be done than that. United States v. Wortman, 326 F.2d 717, 718 (7th Cir. 1964). We have already directed the government's counsel to turn over copies of the disputed checks. Any further discovery of documents will not be or-

dered without the showing required by Rule 16(b).

In addition, we have examined the government's file in camera, and finding no evidence favorable to the defendant at this time, must deny defendant's motion to inspect said file.