**UNITED STATES of America,**

v.

**Allen DORFMAN, Defendant.**

**No. 71 Cr. 1177.**

United States District Court,
S. D. New York.

Oct. 26, 1971.

See also, D.C., 335 F.Supp. 675.

---

Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., for plaintiff by Richard Ben-Veniste, Asst. U. S. Atty., New York City.

Harris, Burman & Silets, Chicago, Ill., for defendant by Harvey M. Silets, Chicago, Ill., of counsel.

GURFEIN, District Judge.

## MOTION FOR INSPECTION AND COPYING UNDER RULE 16(a) OF F.R.CR.P.

The defendant, an agent of a pension fund, has been indicted in seven counts for conspiracy to solicit kickbacks in violation of 18 U.S.C. §§ 1954, 1341 and 1343; for the substantive offense of agreeing to receive and receiving a kickback in violation of § 1954; and for the substantive offenses of mail and wire fraud in violation of §§ 1341 and 1343 respectively.

He moves under Rule 16(a) (F.R.Cr. P.) for discovery of written statements in the possession of the Government made by third parties, not Government agents, which include *oral* statements allegedly made by the defendant to such third parties. It is understood that the defendant has made no statement to Government agents. As the bill of particulars furnished by the Government shows, the case will turn largely on conversations between the defendant and a prospective Government witness, George A. Horvath, who allegedly was solicited for a kickback by the defendant and who allegedly paid the defendant. The essence of the Government's case appears to lie in the conversations of the defendant with Horvath. To disclose such conversations before trial may be equivalent to disclosing almost the whole of the Government's case.

The defendant suggests that this is precisely what is required under the opinion by the Court of Appeals in United States v. Crisona, 416 F.2d 107 (2 Cir. 1969). I do not read *Crisona* as going that far. There the issue involved a. *tape recording* made of the defendant's conversations with a third party. The Government's contention in *Crisona* was that "statements" in Rule 16(a) did not include statements prior to arrest. The Court disagreed. It may be assumed, therefore, that tape recordings of a defendant's conversations with third persons even though made before arrest are discoverable under the Rule. It may also be assumed that written statements given to third persons by the defendant would also be subject to discovery as "statements" of the defendant. Rule 16(a) is specifically limited to "written or recorded" statements made by the defendant. Nothing is said about oral statements made by the de-

fendant although summaries of such conversations made by *Government agents* have sometimes been treated as "written statements" of the defendant. (See cases listed under footnote 3.)

█ It may be observed that recorded transcripts such as were involved in *Crisona* are themselves admissible against the defendant. Oral statements by the defendant to a third person can, on the other hand, only be admitted through the testimony of that third person. Any written statement such person may have given the Government is, generally, not itself admissible.

The distinction between a recorded transcript and an oral conversation of the defendant is, therefore, an easy one to make. More to the point, it is the distinction which I believe the Congress intended to make. After the legislative uproar that followed the decision of the Supreme Court in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957) there emerged the well known "Jencks Act" (18 U.S.C. § 3500). This permits discovery of statements of all Government witnesses, not only agents, but under limiting procedures that are familiar. The draftsmen of the amended Federal Criminal Rules on discovery had to adapt them to the legislative purpose of § 3500. Rule 16, therefore, specifically does *not* author-

ize discovery "of statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. § 3500." Such statements, more frequently than not, probably contain oral statements made by the defendant to the prospective Government witnesses. Their exclusion from Rule 16 carries out the legislative intent to limit the discovery process so far as statements of Government witnesses are concerned. In many criminal cases the conversations with the defendant amount to admissions of the crime charged, and sometimes, as is alleged here, these conversations are the very crime itself. What the Congress sought to protect was the security of prospective Government witnesses.

Whatever theoretical arguments there may be for even wider discovery in criminal cases, and there are some, they may not prevail against the legislative purpose. No exception from the § 3500 requirements has been made in Rule 16 for oral statements of a defendant to a prospective Government witness who later makes a written statement.[1]

The cases cited by the defendant in support of his broad claim are, generally, either cases involving *tape recordings* previously discussed [2] or summaries of the substance of a defendant's state-

---

1. As Mr. Justice Frankfurter said in Palermo v. United States, 360 U.S. 343, 349, 79 S.Ct. 1217, 1223, 3 L.Ed.2d 1287 (1959) : "The suggestion that the detailed statutory procedures restrict only the production of the type of statement described in subsection (e) [of 18 U.S.C. § 3500] leaving all other statements, e. g. non-verbatim, non-contemporaneous records of oral statements to be produced under pre-existing rules of procedure as if the statute had not been passed at all, flouts the whole history and purpose of the enactment." The failure of the amended Rule 16(a) in 1966 to provide

for discovery of such "non-verbatim, non-contemporaneous records of oral statements" after the pronouncement of the Supreme Court makes it almost conclusive that no such exception was intended either in trial procedure (the concern in *Palermo*) or in pre-trial discovery procedure.

2. See e. g. United States v. Rosenberg, 299 F.Supp. 1241 (S.D.N.Y.1969) ; United States v. Black, 282 F.Supp. 35 (D.D.C. 1968) ; United States v. Lubomski, 277 F.Supp. 713, 719–22 (N.D.Ill.1967) ; United States v. Baker, 262 F.Supp. 657, 671–672 (D.D.C.1966).

ment *to a Government agent.*[3] None is in point here.

It is true, however, that there is some precedent in the District Courts for Dorfman's motion. In this Court, a distinguished colleague, Judge Croake, did permit discovery in a tax case of statements made by the defendant to his accountant and ordered the Government to produce the accountant's written statement to the extent that that statement contained any statements allegedly made by the defendant to the accountant. This may have been treated as a special situation because the accountant was preparing the defendant's tax return. United States v. Lindquist, 70 Cr. 272, 1971 Standard Federal Tax Reports #9279. Also, another distinguished Judge in the Northern District of Illinois, Judge Hoffman, in another tax case, ruled similarly. United States v. Feld, 70 Cr. 109 (N.D.Ill.1970). The § 3500 exception in Rule 16(b), previously noted, was apparently not pressed before Judge Croake and was not considered in his memorandum opinion. Judge Hoffman did consider the exception and rejected it as not applicable.

■ With deference, in the absence of a definitive ruling by our Court of Appeals, this Court must follow its own view of the legislative intent. The motion for inspection and copying of *oral* statements by the defendant to a Government witness subsequently put into a written statement is denied.[4] Such material will be made available to the defendant, however, under the § 3500 procedure.[5]

So ordered.

---

3. See e. g. United States v. Kuperberg, 288 F.Supp. 115 (per Canella, J., S.D.N.Y. 1967) ; United States v. Scharf, 267 F. Supp. 19 (per Bonsal, J., S.D.N.Y.1967).

4. This Court's ruling on this motion appears to be in accord with a ruling of Judge Weinfeld in United States v. Mantzaris, 69 Cr. 872 (S.D.N.Y. Feb. 3, 1970),

as well as of the Court of Appeals for the Ninth Circuit, Sendejas v. United States, 428 F.2d 1040, 1046 (9 Cir. 1970).

5. This is the procedure followed by Judge Gasch in United States v. Baker, 262 F. Supp. 657, 671–72 (D.D.C.1966).