UNITED STATES of America,
Plaintiff-Appellant,

v.

Michael Sidney WALK,
Defendant-Appellee.

No. 74–1899.

United States Court of Appeals,
Ninth Circuit.

Dec. 19, 1975.

Bruce Babcock, Jr., Asst. U. S. Atty. (argued), Sacramento, Cal., for plaintiff-appellant.

Milton Kerlan, Jr. (argued), Sacramento, Cal., for defendant-appellee.

## OPINION

Before KOELSCH and SNEED, Circuit Judges, and FIRTH,* District Judge.

SNEED, Circuit Judge:

Defendant Walk was indicted for bank robbery in violation of 18 U.S.C. § 2113(a). Defendant moved for discovery of "any and all proported [*sic*] confessions, admissions, or statements made by [defendant], within the possession, custody or control of the government . . . ." At issue were statements made by the defendant to a third-party witness, which statements were reported by the witness to the Federal Bureau of Investigation, and written by the F.B.I. in the form of memoranda of the interview of the witness.

Pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure, the trial court ordered the government to produce all language in the witness' statements attributable to the defendant, and the government refused. The trial court dismissed the indictment, and the government appeals therefrom.

The Jencks Act, 18 U.S.C. § 3500, controls in this case, and we therefore reverse the district court's dismissal and order that the statements be produced only in accordance with the provisions of the Jencks Act.

 Rule 16(a)(1) allows discovery of a written or recorded statement made by the defendant.[1] A statement need not be actually written or typed by the defendant to be the defendant's "written statement"; for example, a stenographer's transcription or a government interviewer's relatively contemporaneous writings may be considered written statements of the defendant. In the instant case, the defendant made no written statement. The written statements were made by the F.B.I. agent, whose notes incorporated the statements of a witness, which in turn contained oral "statements" allegedly attributable to the defendant. Thus, the connection between the defendant and the written statements is too attenuated for the statements to be considered written statements made by the defendant. Any "statement" made by the defendant herein does not fall within the ambit of Rule 16(a)(1).

 Furthermore, even if Rule 16(a)(1) were applicable, discovery would be precluded by Rule 16(b)[2] and the Jencks Act.[3] The statements at issue in this case are certainly statements made by a prospective government witness, and therefore are subject to the provisions of the Jencks Act.

---

* Honorable Robert Firth, United States District Judge for the Central District of California, sitting by designation.

1. At the time of the district judge's order, Rule 16(a)(1) provided:

 "(a) *Defendant's Statements; Reports of Examinations and Tests; Defendant's Grand Jury Testimony.*
 Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government . . . ."
 Rule 16 has since been amended in a manner not material to the result of this case. The amendment is scheduled to take effect December 1, 1975. Act of July 31, 1975, Pub.L. No. 94–64, 89 Stat. 370.

2. Rule 16(b) provides in pertinent part:
 "Except as provided in subdivision (a)(2), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C., § 3500."

3. In pertinent part, the Jencks Act provides:
 "(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

Even assuming the applicability of Rule 16(a)(1), the Jencks Act, by its very language and that of Rule 16(b), controls and the witness' statements may not be discovered until the witness has testified on direct examination. *Cf. Sendejas v. United States,* 428 F.2d 1040 (9th Cir.), *cert. denied,* 400 U.S. 879, 91 S.Ct. 127, 27 L.Ed.2d 116 (1970). Indeed, the production of the witness' statements is exclusively governed by the Jencks Act.[4]

This result is consistent with the purposes of the Jencks Act. In enacting the Jencks Act, Congress sought to protect government files against unwarranted intrusions prompted by the excessively expansive reading by some lower federal courts of the United States Supreme Court's decision in *Jencks v. United States,* 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1953).[5] This protection of government files is necessary to protect government witnesses from threats, bribery and perjury. The mere fact that the witness' statement in this case contains oral "statements" attributable to the defendant in no way diminishes the recognized governmental interest in protecting the identity of the witness, and the context of the statement, until the time of trial. We agree with the Seventh Circuit that as a practical matter it will be impossible to excise oral "statements" of the defendant without revealing the contents of the witness' statement. *United States v. Feinberg,* 502 F.2d 1180 (7th Cir. 1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1122, 43 L.Ed.2d 396 (1975).[6] Thus, to allow pretrial discovery of this statement would flout both the language and the intent of the Jencks Act. Defendant Walk's right to receive the witness' statements at trial is assured by the Jencks Act.[7] Thus, our holding protects government files and witnesses and preserves the defendant's right to use the statements for impeachment purposes.

Any prejudice to the defendant is not great. In order for the alleged oral remarks of the defendant to be admitted, the witness must testify; if so, the defendant may test on cross-examination the credibility of that testimony, including any remarks attributed to him. In this endeavor he will be aided by the Jencks Act. 18 U.S.C. § 3500(b). Earlier disclosure of statements written and signed by defendant permitted by Rule 16(a)(1) is warranted because there exists no similar opportunity to confront and cross-examine.[8] Hence, the grounds

---

**4.** "The purpose of the [Jencks] Act, its fair reading and its overwhelming legislative history compel us to hold that statements of a government witness made to an agent of the Government which cannot be produced under the terms of 18 U.S.C. § 3500 cannot be produced at all." *Palermo v. United States,* 360 U.S. 343, 351, 79 S.Ct. 1217, 1224, 3 L.Ed.2d 1287 (1959).

**5.** In *Palermo v. United States,* 360 U.S. 343, 79 S.Ct. 1217, 1224, 3 L.Ed.2d 1287 (1959), the United States Supreme Court grappled with the scope of the term "statement" in the Jencks Act, and in particular section (e) thereof. Thus, the Court properly emphasized (as the dissent herein notes) the policy rationale that any statement allowed to be produced should fairly represent the words of the witness, lest that witness be unfairly impeached. *Id.* at 350, 79 S.Ct. 1217. But the Court certainly recognized that the impetus for the enactment of the Jencks Act (as opposed to the narrow concept of what constitutes a "statement" thereunder) was the protection of government files and the investigatory process, as we suggest herein. *Id.* at 346, 347, 350, 79 S.Ct. 1217. *See, e. g., United States v. Dorfman,* 53 F.R.D. 477, 479

(S.D.N.Y.1971), *aff'd,* 470 F.2d 246 (2d Cir. 1972) (Congress sought to protect security of government witnesses).

**6.** In *Feinberg,* the Seventh Circuit reversed the district court on the issue involved in this case, and held that statements made by a defendant to a prospective government witness are not discoverable under Rule 16(a)(1). The lower court decision that was thereby reversed is heavily relied upon by the dissent herein, *post.*

**7.** Although it is true that the scope of the term "statement" may differ between Rule 16 and the Jencks Act, in this case the Government has conceded that the statements are within the scope of the Jencks Act. (Gov.Br., pp. 2–3).

**8.** Effective December 1, 1975, Rule 16(a)(1)(A), as amended, will permit the discovery of " . . . the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent . . . ." Early disclosure authorized by this provision cannot be justified

for pre-trial discovery of these statements are not as compelling as they might be in the typical Rule 16(a)(1) case.

██ We hold that the Jencks Act prohibits the pre-trial disclosure of the witness' statements, even when such statements contain quotations allegedly attributable to the defendant, and that such statements may only be produced in accordance with the provisions of the Jencks Act. In so doing, we accept the reasoned decisions of other federal courts which have similarly held. *United States v. Feinberg, supra; United States v. Wilkerson,* 456 F.2d 57 (6th Cir. 1972), *cert. denied,* 408 U.S. 926, 92 S.Ct. 2506, 33 L.Ed.2d 337 (1972); *United States v. Dorfman,* 53 F.R.D. 477 (S.D.N.Y. 1971), *aff'd,* 470 F.2d 246 (2d Cir. 1972).

Reversed and remanded.

KOELSCH, Circuit Judge (dissenting):

I respectfully dissent.

Despite the majority's semantic legerdemain, I remain unpersuaded that a statement originating out of a defendant's mouth—a statement which can be used against that defendant as an admission at his trial—ceases to be his statement for purposes of discovery simply because it is reported to the government by a third person. Simply put, a defendant's statement is a defendant's statement; it matters not

who repeats it, it remains his statement. To me, that conclusion is manifest.

By way of background, the record shows that defendant Walk was indicted for bank robbery (18 U.S.C. § 2113(a)) and subsequently entered a plea of not guilty. He then filed a pretrial motion for discovery, seeking, *inter alia,*

"any and all proported [*sic*] confessions, admissions, or statements made by him, within the possession, custody, or control of the government, whether such confessions, admissions, or statements were recorded, stenographically or reproduced in any form in writing by the person taking, or hearing such statements, or recorded by any means of mechanical, or electrical transcription."

During oral argument of the motion, the Assistant U.S. Attorney revealed that the defendant himself had made statements to a person who was not a government employee; that this person had been interviewed by agents of the F.B.I.; and that F.B.I. memoranda of those interviews, which included the person's version of defendant's statements, were in custody of the government. Defense counsel argued that these memoranda were discoverable prior to trial, at least insofar as they included defendant's own statements, under the provisions of Rule 16(a)(1), F.R.Crim.P.[1]

---

on the basis of the absence of an opportunity to confront and cross-examine. The government agent to whom an oral statement was made usually is available for confrontation and cross-examination. However, early disclosure in this case does not imperil government witnesses. The government agent to whom the defendant's oral statement was made presumably does not require the protection the Jencks Act provides to other government witnesses. Moreover, the specificity of this amendment supports our holding. Were the defendant's view of the current Rule 16(a)(1) proper, the Amendment would be either unnecessary or, if necessary, too narrowly drawn. *Cf. United States v. Feinberg, supra.*

1. Rule 16, F.R.Crim.P., provides in part:
 "(a) *Defendant's Statements* ; . . . .
 Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant (1) written or re-

corded statements . . . made by the defendant, . . . within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government . . . .
 "(b) . . . Except as provided in subdivision (a)(2), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. § 3500.
 "(d) . . . *Manner of Discovery and Inspection.* An order of the court granting relief under this rule shall specify the . . manner of making the discovery and inspection permitted and may prescribe such terms and conditions as are just.

The government contended that the memoranda were Jencks Act material (18 U.S.C. § 3500) and that their pretrial disclosure was proscribed by 18 U.S.C. § 3500(a).[2] After taking the matter under submission, the district court filed a Memorandum and Order requiring that the government disclose within 30 days all statements in the memoranda "attributable to the defendant."

The U.S. Attorney, acting on instructions from the Department of Justice, refused to comply with the disclosure order, and the district court entered an additional order granting defendant's subsequent motion to dismiss the indictment as a penalty for the government's non-compliance. It is that order of dismissal from which the government takes its appeal.

The question presented is whether the limited portions of F.B.I. memoranda of interview which relate statements made by the defendant personally to one not a government agent are best characterized as "written or recorded statements . . . made by the defendant . . . within the possession, custody or control of the government" under Rule 16(a)(1), or as "statement[s] or report[s] in the possession of the United States which [were] made by a . . . prospective Government witness (other than the defendant)" under subsection (a) of the Jencks Act.[3] I firmly believe that Rule 16(a)(1) and not the Jencks Act, applies to this ordered disclosure and that the granting of defendant's

discovery motion was thus properly a matter for the district court's discretion.

Before today, the question was arguably an open one in this circuit. In *Sendejas v. United States,* 428 F.2d 1040 (9th Cir. 1970), *cert. denied,* 400 U.S. 879, 91 S.Ct. 127, 27 L.Ed.2d 116 (1970), this court said at 1046:

"Rule 16, F.R.P.C. deals generally with pre-trial discovery in a criminal case; however, as to demands for production of statements and reports of government witnesses other than defendants, 18 U.S.C. § 3500 (The Jencks Act) controls."

But *Sendejas* is of little help here, for in that case there was no indication that the statements sought were those of the defendant. Moreover, in *Loux v. United States,* 389 F.2d 911 (9th Cir. 1968), *cert. denied,* 393 U.S. 867, 89 S.Ct. 151, 21 L.Ed.2d 135 (1968), we held that the discovery of F.B.I. memoranda containing statement made directly to a government agent by the defendant "is left to the discretion of the judge" under Rule 16(a); we also observed, following the words of the Supreme Court in *Cicenia v. LaGay,* 357 U.S. 504, 511, 78 S.Ct. 1297, 2 L.Ed. 1523 (1958), that the "better practice" is for the trial court to grant a defendant's Rule 16 motion for the discovery of his own statements "rather freely." 389 F.2d at 922. And in *United States v. Cole,* 457 F.2d 1141 (9th Cir. 1972), *cert. denied,* 409 U.S. 868, 93 S.Ct. 166, 34 L.Ed.2d 117 (1972), we followed *Loux.*[4] However, neither *Loux* nor

---

"(e) *Protective Orders.* Upon a sufficient showing, the court may . . . order that the discovery or inspection be . . . restricted . . . or make such other order as is appropriate. . . . "

**2.** 18 U.S.C. § 3500(a) provides:

"(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

**3.** Subsection (b) of Rule 16, which borrows the language of the Jencks Act prior to its amendment in 1970, indicates that the material in-

volved here cannot be characterized as both. *See* note 1, *supra.*

**4.** In *Cole* we said at 1143–1144:

"Appellant also urged that the court erred in the denial of his motion to inspect all written statements or confessions or admissions. The only record was contained in the agents' case reports. Rule 16(b), Fed.R. Crim.P. excepts these reports from the Rule. Although other courts have appeared to hold to the contrary, *United States v. Cook,* 432 F.2d 1093 (7th Cir. 1970), *cert. denied,* 401 U.S. 996, 91 S.Ct. 1224, 28 L.Ed.2d 535 (1971), we have adhered to the majority rule that the production of memoranda of government agents of a defendant's statements may not be compelled although their production should be permitted rather freely. *Loux v.*

*Cole* involved defendant's statements reported to the government by someone not in its employ.

True, in *United States v. Kenny,* 462 F.2d 1205 (3d Cir. 1972), *cert. denied,* 409 U.S. 914, 93 S.Ct. 233, 34 L.Ed.2d 176 (1972), *United States v. Wilkerson,* 456 F.2d 57 (6th Cir. 1972), and *United States v. Dorfman,* 53 F.R.D. 477 (S.D.N.Y.1971), those courts held that the pretrial discovery of statements of a government witness which contain statements of a defendant is precluded by the Jencks Act.[5] However, none of these decisions considered the dual nature of the *portions* of the witnesses' statements originating with the defendant, and none of these dealt with the limited disclosure ordered here. I find the rationale of the district court in *United States v. Feinberg,* 371 F.Supp. 1205 (N.D.Ill.1974), *reversed in part,* 502 F.2d 1180 (7th Cir. 1974),[6] *cert. denied,* 420 U.S. 926, 95 S.Ct. 1122, 43 L.Ed.2d 396 (1975), more persuasive.

In *Feinberg,* the district court held that Rule 16(a)(1) contemplates discretionary pretrial disclosure of a defendant's statements to a person who is not an agent of the government, regardless of how or by whom the statements are recorded. 371 F.Supp. at 1212. As District Judge Prentice Marshall persuasively pointed out:

"The statement remains that of the defendant irrespective of who witnesses, reports or memorializes it. It does not become the statement of the prospective witness merely because he repeats or reports it. Its probative vitality rests on the fact that it is the defendant's statement. Indeed, were I to adopt the Government's reasoning, it would follow that a defendant, could not obtain disclosure of an in-custody oral confession made to an agent of the Government and thereafter memorialized in the agent's report because to do so would be to order discovery of the statement of a prospective witness, i. e., the agent's statement that the defendant had confessed.

"As the Government has reminded: 'We must think things not words, or at least we must constantly translate our words into facts for which they stand, if we are to keep the real and true.'

United States, 389 F.2d 911, 922 (9th Cir. [1968]), *cert. denied,* 393 U.S. 867, 89 S.Ct. 151, 21 L.Ed.2d 135 (1968). There is no reason to depart from that rule here." Note the apparent inconsistency between the *Loux* approach, expressly followed in *Cole,* and the language in *Cole* that "Rule 16(b), Fed.R. Crim.P. excepts these reports from the Rule." The former signifies that allowing discovery of a defendant's statements contained in government memoranda is within the discretion conferred on the trial court by Rule 16(a); the latter suggests that such discovery, being outside the scope of the rule, is in excess of the court's authority. However, the seeming contradiction may be eliminated by distinguishing between the government's "work product" and statements of the defendant contained in government memoranda, *see* 8 J. Moore, Federal Practice ¶ 16.03[2] at 16–20—16–23 (rev.2d ed. 1973). In the face of our express recognition in *Cole* that we were not departing from the rule of *Loux,* it is clearly the law of this circuit that a defendant's statements to a government agent, contained in an F.B.I. memorandum, are discoverable under Rule 16(a).

**5.** In *Kenny* the Third Circuit merely said: "Rule 16(a) does not require the discovery of witness statements. Those statements are governed by the provisions of the Jencks Act, 18 U.S.C. § 3500." 462 F.2d at 1212. In *Wilker-*

*son* the Sixth Circuit observed that "inspection of a confession that the prosecution intends to use at trial allows the accused the opportunity more fully to prepare defenses such as the involuntariness of the confession, the omission of exculpatory facts from the confession by the prosecution, or the presence of prejudicial material in the confession," but then noted that "[t]hese considerations * * * are not nearly as persuasive when the 'confession' consists of statements made by the accused to a third person, who then decides to testify about these statements at trial." 456 F.2d at 61. In *Dorfman* District Judge Gurfein ruled that "inspection and copying of *oral* statements by the defendant to a Government witness subsequently put into a written statement" is not authorized by Rule 16(a) and that the Rule 16(b) exception carries out the legislative purpose of the Jencks Act "to protect * * * the security of prospective Government witnesses." 53 F.R.D. at 479, 480 (emphasis in original).

**6.** In my view, the Seventh Circuit's partial reversal of the district court's decision was unwarranted for a persuasive critique of the circuit court decision, *see* Note, *United States v. Feinberg,* 51 Chi-Kent L.Rev. 633 (1974).

Holmes, supra [*Law in Science and Science in Law,* 12 Harv.L.Rev. 443, 460 (1899)]. The 'things' and 'facts' here are that the Government will assert that a defendant made a statement. The overriding philosophy of pretrial discovery in criminal cases is that the defendant is entitled to know the content and circumstances of that statement. It may be that only through disclosure will the defendant recall it or be able to appraise its completeness or context. It may be that only through disclosure will defendant's counsel learn of it. Certain it is that as to the defendant, his statement will have an existence apart from the contents of a prospective witness' statement." 371 F.Supp. at 1213–1214 (footnote omitted).

I am satisfied (1) that the interposition of a third person between the defendant and the government agent does not alter the essential character of the defendant's statement or make it other than his own,[7] and (2) that the Jencks Act, which by its very terms applies solely to the statements of a "witness or prospective Government witness (other than the defendant)," is not intended to prohibit a district court from ordering the pretrial disclosure of a defendant's statements under Rule 16(a)(1). *See* 18 U.S.C. § 3500(a), *supra* note 2. The parenthetical exclusion of the defendant's statements from the prohibition of the Jencks Act plainly evidences congressional intent that such statements are beyond the coverage of the prohibition.[8]

Nor do the two exceptions from Rule 16 contained in subsection (b) thereof, both of which were "designed to protect the secrecy of government files," *see* 8 J. Moore, Federal Practice ¶ 16.03[2] at 16–20 (rev.2d ed. 1973), preclude pretrial discovery of a defendant's statements. The first exception, that of "reports, memoranda, or other internal government documents," is directed at the government's "work product." *See, e. g., id.* at 16–22; *United States v. Fallen,* 498 F.2d 172, 175–176 (8th Cir. 1974); *United States v. Scharf,* 267 F.Supp. 19, 19–20 (S.D.N.Y.1967). And the exception of "statements made by . . . prospective government witnesses (other than the de-

7. A similar construction of Rule 16 is advanced in 8 J. Moore, Federal Practice ¶ 16.03[2] (rev.2d ed. 1973), at 16–22, as follows:

"[I]t seems clear that a defendant's statement should be sharply differentiated from that of the witness. In the case of a government witness, it may offend justice to allow cross-examination on the basis of an incomplete or impressionistic account of his prior statements. But this objection has little relevance to such an account of a defendant's pretrial statement or confession. However partial or incomplete, the government will be entitled to use it as an admission as part of its direct case (or to reserve it for cross-examination of the defendant if he takes the stand). Thus, the defendant's interest in discovery of such material is primary and is not simply to obtain leads to other evidence or to acquire impeaching material for potential use. To deny discovery of admissions under the work-product exemption or under an over-literal reading of Subdivision (a)(1) is to undermine the beneficial purpose of that subdivision." (Footnotes omitted.)

8. In this connection, the *Feinberg* district court cited language from the Supreme Court's decision in *Palermo v. United States,* 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959), supportive of the conclusion that the Jencks Act was not directed at the statements of a defendant. As noted in *Feinberg,* 371 F.Supp. at 1213:

"Had Congress intended to restrict pretrial disclosure of a defendant's statements it readily could have found the language to do so. But that was not its purpose. As the Supreme Court observed in *Palermo v. United States,* 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959), Congress was concerned with the gross unfairness of allowing 'the defense to use statements to impeach a witness which could not fairly be said to be the witness' own . . . The purpose of the Act, its fair reading and its overwhelming legislative history compel [the conclusion] . . . that *statements of a government witness* . . . which cannot be produced under the terms of 18 U.S.C. § 3500 . . . cannot be produced at all . . . It is clear that Congress was concerned that only those *statements* which could properly be called *the witness' own words* should be made available to the defense for purposes of impeachment.' (360 U.S. 343, 350, 351, 353, 79 S.Ct. 1217, 1223; emphasis supplied.) At no point in the Act, or in the Court's definitive interpretation of the Act, is pretrial disclosure of a defendant's statement prohibited or deferred. It is the statements of prospective witnesses and those statements alone to which the Act is addressed."

fendant) to agents of the government," which borrows the language of the Jencks Act prior to its amendment in 1970, merely removes from the coverage of Rule 16 whatever material clearly falls within the language of § 3500(a). Since the second exception contained in Rule 16(b) is no more expansive in scope than the language of § 3500(a) and, as noted above, the language of § 3500(a) is not directed at the limited disclosure ordered here, I think it clear that Rule 16(a)(1) controls the case before us.[9]

Putting aside for a moment the application of the Jencks Act, I find the majority's reading of Rule 16(a)(1) unpalatable. The majority concedes that "written or recorded statements . . . made by the defendant . . . within the possession, custody [of] control of the government" need not be written or recorded by the defendant personally; rather, the "relatively contemporaneous" recordation of the defendant's oral statements by such persons as stenographers or government interviewers will suffice. Yet the majority takes the position that the disclosure ordered here does not fall within the reach of the rule because the connection between the defendant and the writing or recording constituting evidence of his statements is "too attenuated for the statements to be considered written statements made by the defendant." I perceive no basis for this supposed distinction.

Rule 16(a)(1) speaks simply of a defendant's statements "within the possession, custody or control of the government." It contains no further requirement. I therefore think it plain that subsection (a)(1) is intended on its face to include defendant's statements made to third persons which find their way, in tangible recorded form, into the government's possession. In this view I am supported by *United States v. Crisona*, 416 F.2d 107, 114–115 (2d Cir. 1969), *cert. denied sub nom. DeLyra v. United States*, 397 U.S. 961, 90 S.Ct. 991, 25 L.Ed.2d 253 (1970), in which the Second Circuit held that the granting of pretrial disclosure of a tape recorded conversation between the defendant and a government witness, recorded by the witness and subsequently turned over to the government, was within the discretion of the trial court under Rule 16(a). Citing several district court decisions which broadly construe subsection (a)(1), the *Crisona* court said:

"The bases of these decisions have been that the language of amended Rule 16(a) is unqualified in contrast to the limited definition of 'statement' in section 3500, that the Notes of the Advisory Committee indicate that the amended Rule was intended to apply even to pre-arrest statements made by a defendant during the course of his crime and was meant to broaden materially the scope of discovery available to a defendant, that such a statement is obviously of such vital importance to the defense that fairness compels its disclosure, and that guilty pleas will thereby be encouraged. This broad interpretation of 'statement' in Rule 16(a) is supported by the recent

---

**9.** I do not find *United States v. Percevault*, 490 F.2d 126 (2d Cir. 1974), or *United States v. McMillen*, 489 F.2d 229 (7th Cir. 1972), both of which held that a defendant's pretrial discovery of the statements of co-defendants or co-conspirators is precluded by the Jencks Act, inconsistent. Both of those decisions rest on the premise that the statements of co-defendants are made by someone other than the defendant. *See* 490 F.2d at 130, 131; 489 F.2d at 231. Moreover, in *Percevault* the Second Circuit stated at 129–130:

"[W]e have stated that Rule 16(a) authorizes broad pretrial discovery of the defendant's statements, whether made during or after the commission of the crime charged; to a government agent, to a grand jury, or to anyone else; and whether obtained surrepti-

tiously or voluntarily. *United States v. Crisona*, 416 F.2d 107, 114–115 (2d Cir. 1969), cert. denied sub nom. *DeLyra v. United States*, 397 U.S. 961, 90 S.Ct. 991, 25 L.Ed.2d 253 (1970). Moreover, we have expressed the view that 'such a statement is obviously of such vital importance to the defense that fairness compels its disclosure, and . . . guilty pleas will thereby be encouraged.' *United States v. Crisona, supra*, 416 F.2d at 114. *See also Dennis v. United States, supra*, 384 U.S. [855] at 870, 86 S.Ct. 1840 [16 L.Ed.2d 973]. Common sense and judicial experience teach that a defendant's prior statement in the possession of the government may be the single most crucial factor in the defendant's preparation for trial. . . . ."

recommendation of the ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Discovery and Procedure Before Trial 62 (1969) that a defendant receive before trial all of his statements

> regardless of to whom they were made—whether a prosecuting attorney, an investigator, a grand jury * * *, or anyone else. It is also intended that statements be discoverable regardless of how they are obtained, whether surreptitiously or voluntarily.

We agree with these conclusions and see nothing in the plain language of Rule 16(a) or the Notes of the Advisory Committee accompanying it which would justify imposing the limitation suggested by the Government." 416 F.2d at 114–115 (footnote omitted).

*Accord,* A.B.A. Minimum Standards for Criminal Justice, Discovery and Procedure Before Trial, § 2.1, 61–62 (Appr'd Draft 1970). The considerations enumerated in *Crisona* are equally applicable to the statements involved here.

Neither does Rule 16(a)(1) contemplate the discretionary pretrial discovery merely of formal written statements or confessions. It is well established that evidence of a defendant's informal conversations and spontaneous utterances, including those rendered at the scene of the crime, is discoverable under the rule. *See, e. g., United States v. Lewis,* 167 U.S.App.D.C. 232, 511 F.2d 798, 802–803 (1975), in which the court held that the substance of a defendant's oral, unrecorded statements made to arresting officers who subsequently related that substance to prosecutors was discoverable under Rule 16(a). *See also Crisona, supra; United States v. Bryant,* 142 U.S.App.D.C. 132, 439 F.2d 642, 648–649 (1971); *United States v. Villa,* 370 F.Supp. 515, 517–520 (D.Conn.1974); *United States v. Ahmad,* 53 F.R.D. 186, 189 (M.D.Pa.1971); *United States v. Rosenberg,* 299 F.Supp. 1241, 1243–1245 (S.D.N.Y.1969); *United States v. Lubomski,* 277 F.Supp. 713, 721–722 (N.D. Ill.1967); *United States v. Iovinelli,* 276 F.Supp. 629, 630–631 (N.D.Ill.1967); *United States v. Leighton,* 265 F.Supp. 27, 34 (S.D. N.Y.1967); *United States v. Morrison,* 43 F.R.D. 516, 519 (N.D.Ill.1967); *United States v. Baker,* 262 F.Supp. 657, 671–672 (D.D.C.1966). *Cf. United States v. Bishton,* 150 U.S.App.D.C. 51, 463 F.2d 887, 893 (1972); *United States v. Sink,* 56 F.R.D. 365, 369 (E.D.Pa.1972).

Several reasons for this rule—all of them potentially applicable to the case before us—are readily apparent. In many situations, a defendant will be less likely to recall the substance of a spontaneous or informal statement than one formally made after solemn contemplation in the presence of governmental authorities. Hence the defendant's need for pretrial disclosure of his informal statement—which presumably can be used against him at his trial with equal force as a formal statement—is potentially the greater. Absent such disclosure, the defendant may be required to prepare his defense deprived of his recollection of the statement's contents, its fullest context, or even that he made it. Absent such disclosure, his counsel may not learn of the statement and hence may be misled in his evaluation of the advisability of seeking disposition of the charge without trial. Indeed, a flat rule precluding pretrial disclosure may deprive the defendant of his recollection, and defense counsel of knowledge, of exculpatory aspects or interpretations of the statement (not known to the government) which become apparent when it is viewed in its fullest context. Should the government choose not, or be unable, to present evidence of the statement at trial, the defendant may thereby lose access to valuable probative evidence in his behalf. And even if the defendant does learn of the statement at his trial, he may by then have lost the opportunity to locate and call relevant witnesses.

Rule 16(a)(1) requires neither that the defendant have ratified, approved, or otherwise adopted the recorded version of his statement, nor that he be aware that the statement was in fact recorded. As indicated by the Advisory Committee's Notes on Rule 16, "[t]he defendant is not required

to designate because he may not always be aware that his statements or confessions are being recorded." *See also Lewis, supra,* 511 F.2d at 801–802, 802 n. 5. Indeed, it has been held that statements which are "recorded" solely in the memories of investigators or prosecutors are discoverable under Rule 16(a)(1). *Id.* at 802; *Morrison, supra,* 43 F.R.D. at 519. Were the rule otherwise, prosecutors seeking the advantage of surprise at trial could frustrate the purposes of Rule 16(a)(1) simply by avoiding the transposition of their recollections, or of those related to them by the police or by others, into writing or other recorded form.

Nor does the rule require, as the majority appears to suggest, that the statement have been recorded "relatively contemporaneously" to its utterance by the defendant. *See, e. g., Lewis, supra,* 511 F.2d at 802; *Fallen, supra,* 498 F.2d at 174; *Morrison, supra,* 43 F.R.D. at 519. I perceive no valid basis for conclusively presuming that the versions of a defendant's statements which are written or otherwise recorded "relatively contemporaneously" by stenographers or government interviewers (or any other witness to them) are inherently more trustworthy than versions of such statements recorded days, weeks, or even months later based on the recollections of a witness with a good memory. After all, a jury is normally entitled to believe the testimony of a witness, even though that testimony is uttered a substantial period of time after the occurrence of the events it concerns. Moreover, there may be good reason for concluding that there is a greater likelihood of distortion or selective reporting in statements recorded by agents of the government. *Cf. Palermo, supra,* 360 U.S. at 351–353, 79 S.Ct. 1217. Finally, since there is no indication in the record before us of the temporal relationship between the defendant's utterance and the recordation of it by the government interviewer, such an exclusion of the statements involved here from the coverage of

Rule 16 is wholly unwarranted under the circumstances of this case.

I respectfully suggest that the majority's conclusion that a proposed amendment to Rule 16(a)(1) somehow negates the district court's reading of the present rule is wholly without support. The Advisory Committee Note to that proposed amendment indicates that it "is intended to prescribe the minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." 62 F.R.D. at 308. While the proposed amendment may narrow the area of a district court's discretion by raising the minimum level of discovery to which a defendant is entitled as a matter of right, the amendment carries no implication that the district court here was without discretion to order the disclosure it did. *See Lewis, supra,* 511 F.2d at 803 n. 8; Note, 51 Chi-Kent L.Rev. 633, 643 (1974). The Advisory Committee Notes also indicate that the proposed amendment is intended to resolve "such ambiguity as may currently exist, in the direction of more liberal discovery." 62 F.R.D. at 308. If any lack of clarity exists in the case before us, the proposed amendment thus points the way to an appropriate construction of the present rule.

In sum, I am firmly convinced that the majority's narrow construction of Rule 16(a)(1) is without support. In so reading the rule, the majority applies to it a myopic literalism which frustrates its clear intent.[10]

I similarly perceive no basis for the majority's conclusory construction of the Jencks Act. The majority flatly asserts that "[t]he statements at issue in this case are certainly statements made by a prospective government witness" within the meaning of the Jencks Act, and then proceeds by bootstrap logic to rest its decision on that assertion. However, its characterization loses sight of the fact that the only state-

---

**10.** Even the *Feinberg* circuit decision on which the majority relies takes the contrary position that the facial language of Rule 16(a)(1) encompasses statements such as those involved here and that it is only the application of § 3500(a) which removes such statements from the coverage of the rule. 502 F.2d at 1181–1182.

ments at issue in this case consist of those "attributable to the defendant."

The sole articulation of policy upon which the majority rests its construction of the Jencks Act is that Congress sought by the Act "to protect government witnesses from threats, bribery and perjury." To the contrary, the Supreme Court's decision in *Palermo, supra,* suggests that the primary purpose of the Act was to protect government witnesses from unfair impeachment based on statements which could not fairly be said to be the witness's own words. *See* 360 U.S. at 350, 79 S.Ct. 1217. Moreover, several courts have persuasively questioned the perjury rationale as a justification for non-disclosure. *See, e. g., Lewis, supra,* 511 F.2d at 802–803; *United States v. Projansky,* 44 F.R.D. 550, 556–558 (S.D.N.Y.1968); and cases therein cited. Further, in view of the Seventh Circuit's decision in *Feinberg,* there appears to be little justification for supposing that a defendant who is intent on indulging in tactics of perjury or intimidation will be prevented from doing so by the non-disclosure of the contents of his statements. The *Feinberg* circuit court *affirmed* the district court's order insofar as it required the government to disclose the following:

"1. Whether a written memorandum or verbatim transcript of oral statements made by the defendant to Government agents or third persons exists;

2. Whether the Government has possession of existing memoranda or transcripts;

3. The name and address of the persons to whom the defendant made oral statements; [and]

4. The date on which the defendant made oral statements."

502 F.2d at 1181. The court correctly reasoned that these matters do not fall within the Jencks Act prohibition, and that the district court's order of their disclosure was properly a matter within its broad discretion. *See Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). Since the discretionary disclosure of these matters has a greater and more direct bearing on the practical possibility of threats, bribery, and perjury than does the discretionary disclosure of the mere contents of a defendant's statements, the majority's single policy argument for a flat rule of non-disclosure of defendant's statements such as those involved here based on the Jencks Act is thereby undercut.

In addition, the majority's construction of the Jencks Act creates an unwarranted and undesirable distinction between "government witnesses" and "government agents." Notably, these labels can often be applied to the same person. Moreover, I see no basis for creating a conclusive presumption, as the majority appears to do, that all "government agents" are less susceptible to tactics of bribery and intimidation than are "government witnesses." It appears to me that the distinction is merely an attempt to reconcile the majority's restrictive view with the established case law of this and other circuits authorizing the pretrial disclosure under Rule 16 of a defendant's statements made to a government agent, even though that agent may also be a prospective government witness. *E. g., Loux, supra; Cole, supra; Lewis, supra.* If the majority's distinction is sustained, the factual issue whether a given prospective witness is properly characterized as a "government agent" will be injected into every similar discovery proceeding.

Furthermore, such reprehensible (and criminal) defense tactics as threats, bribery, and perjury do not occur in every prosecution. In many cases, these tactics cannot be deemed a realistic probability. Hence the flexible approach of Rule 16 is preferable to the rigid rule adopted by the majority. The majority's approach takes from the district judge—who is in a far better position than this court to gauge the likelihood of such tactics—the discretion to grant disclosure where such considerations are not present. Where the considerations of fairness underlying Rule 16 are in fact overborne by countervailing factors such as justifiable concern about perjury and the intimidation of witnesses, a district judge entertaining a

Rule 16 discovery motion would presumably be able to limit the scope of his disclosure order (or even deny discovery entirely) under Rule 16(d) or make such a protective order as the circumstances dictate under Rule 16(e). *See, e. g., United States v. Makekau,* 429 F.2d 1403 (9th Cir. 1970). Here, however, the record is devoid of any showing of such countervailing considerations by the government.

The majority relies heavily on what I suggest is the wholly unwarranted assumption that it is impossible to excise for purposes of disclosure the recorded version of the defendant's statement without also revealing the remainder of the witness's statement. This assumption overlooks the nice provision of the district court's extremely narrow disclosure order which does just that. The majority similarly fails to heed the significant number of district court decisions in which such limited disclosure has been successfully accomplished. *See, e. g., United States v. Villa,* 370 F.Supp. 515, 520 (D.Conn.1974); *United States v. Garrett,* 305 F.Supp. 267, 268 (S.D. N.Y.1969); *United States v. Kuperberg,* 288 F.Supp. 115, 116 (S.D.N.Y.1967); *United States v. Curry,* 278 F.Supp. 508, 514 (N.D. Ill.1967). *Cf. Taglianetti v. United States,* 394 U.S. 316, 89 S.Ct. 1099, 22 L.Ed.2d 302 (1969). It also does not take into account the provision contained in the Jencks Act itself in which Congress created a statutory procedure for the excision of non-discoverable matter from otherwise discoverable statements. 18 U.S.C. § 3500(c).[11] If Congress could envision excision in respect to Jencks Act disclosure, this court should be able to imagine it in respect to Rule 16 disclosure. By way of analogy, see generally the recent amendments to the Freedom of Information Act, 5 U.S.C. §§ 552 and 552a, as amended by Pub.L. 93–502, §§ 1–3, 88 Stat. 1561–1564 (Nov. 21, 1974), and Pub.L. 93–579, § 3, 88 Stat. 1897 (Dec. 31, 1974), authorizing disclosure of certain government files subject to excision of privileged or irrelevant material contained therein. And even if such excision were not possible, I would be inclined to agree with the Third Circuit in *United States v. Addonizio,* 451 F.2d 49, 64 n. 16: "Where . . . a defendant seeks legitimate information, he may not be denied it merely because the *effect* of providing it is to divulge the names of government witnesses or the details of the government's evidence." (Emphasis in original.)

The majority also attempts to bolster its view with the conclusion that "[d]efendant Walk's right to receive the witness' statement at trial is assured by the Jencks Act." No basis for this conclusion exists. While the term "statement" as employed in Rule 16(a)(1) is essentially without limitation, *see, e. g., Villa, supra,* 370 F.Supp. at 518, the Jencks Act definition of that term is narrowly circumscribed. *See* 18 U.S.C. § 3500(e). The Court addressed this point in *Palermo, supra,* 360 U.S. at 349–353, 79 S.Ct. 1217.[12] Hence—as there is no finding

11. 18 U.S.C. § 3500(c) provides:

"(c) If the United States claims that any statement ordered to be produced under this section contains matter which does not relate to the subject matter of the testimony of the witness, the court shall order the United States to deliver such statement for the inspection of the court in camera. Upon such delivery the court shall excise the portions of such statement which do not relate to the subject matter of the testimony of the witness. With such material excised, the court shall then direct delivery of such statement to the defendant for his use. If, pursuant to such procedure, any portion of such statement is withheld from the defendant and the defendant objects to such withholding, and the trial is continued to an adjudication of the guilt of the defendant, the entire text of

such statement shall be preserved by the United States and, in the event the defendant appeals, shall be made available to the appellate court for the purpose of determining the correctness of the ruling of the trial judge. Whenever any statement is delivered to a defendant pursuant to this section, the court in its discretion, upon application of said defendant, may recess proceedings in the trial for such time as it may determine to be reasonably required for the examination of such statement by said defendant and his preparation for its use in the trial."

12. There the Court said at 352–353, 79 S.Ct. at 1224:

"It is clear that Congress was concerned that only those statements which could properly be called the witness' own words should

in the record that the memoranda are discoverable statements within the narrow definition set forth in § 3500(e)—it is far from clear that defendant Walk will be entitled to receive the memoranda, or any portion of them, at his trial. And since the government has refused to produce the memoranda, and the district court does not appear from the record to have examined them, there is no evidentiary basis for this court to hold (or "find"), as it purports to do, that the memoranda are "statements" discoverable at trial under the Jencks Act. As the Supreme Court pointed out in *Palermo, supra,* 360 U.S. at 353, 79 S.Ct. at 1225:

> "Final decision as to production must rest, as it does so very often in procedural and evidentiary matters, within the good sense and experience of the district judge guided by the standards we have outlined, and subject to the appropriately limited review of appellate courts." (Footnotes omitted.)

If the memoranda involved here ultimately do not fit within the narrow definition of "statements" contained in § 3500(e), defendant Walk will never see them.[13]

In sum, I think it clear that the mandate of Rule 16(a)(1) controls the case before us, and that the district judge was well within his discretion in ordering limited disclosure in conformity with what we have labelled the "better practice." However, since the question is novel in this circuit and the dismissal of the indictment a most serious sanction, I would vacate the order of dismissal and remand the matter with directions to permit the government a reasonable opportunity to comply with the disclosure order.

---

be made available to the defense for purposes of impeachment. It was important that the statement could fairly be deemed to reflect fully and without distortion what had been said to the government agent. Distortion can be a product of selectivity as well as the conscious or inadvertent infusion of the recorder's opinions or impressions. It is clear from the continuous congressional emphasis on 'substantially verbatim recital,' and 'continuous, narrative statements made by the witness recorded verbatim, or nearly so . . .,' see Appendix B, *post,* 79 S.Ct. page 1228 [p. 358], that the legislation was designed to eliminate the danger of distortion and misrepresentation inherent in a report which merely selects portions, albeit accurately, from a lengthy oral recital. Quoting out of context is one of the most frequent and powerful modes of misquotation. We think it consistent with this legislative history, and with the generally restrictive terms of the statutory provision, to require that summaries of an oral statement which evidence substantial selection of material, or which were prepared after the interview without the aid of complete notes, and hence rest on the memory of the agent, are not to be produced. Neither, of course, are statements which contain the agent's interpretations or impressions."

13. The majority's footnote 7 is misleading. The government has never conceded that the materials sought to be discovered are discoverable under the Jencks Act because they fall within the narrow definition of discoverable statements contained in § 3500(e). It has merely argued that those materials fall within the general proscription of pretrial discovery contained in § 3500(a), *see* note 2, *supra,* thus rendering them non-discoverable under Rule 16. Notably, the definition of discoverable statements contained in § 3500(e) applies by the terms of that section to the affirmative discovery provisions of §§ 3500(b), (c), and (d), but not to the proscription of § 3500(a).