## CIRCUIT COURT OF WARREN COUNTY

Commonwealth of Virginia

v.

Eugene Randall Dodson

June 18, 1981

Case No. (Law) 5790

By JUDGE HENRY H. WHITING

The issue to be resolved by the Court concerns Paragraph 4 and the underlined portions of Paragraph 5(c) of accused's motion for discovery.

Those two paragraphs are:

4. That the Court order the Commonwealth's Attorney to disclose to the defendant and permit the accused to inspect and copy or photograph synopses of any unrecorded oral statements made by the accused to agents of the Commonwealth regarding the alleged offenses.

5(c). Statements, *or synopsis thereof*, made by the accused to agents of the Commonwealth denying his involvement in the alleged offense, indicating evidence which is exculpatory in nature or which tends to show his lack of involvement with the alleged crime or which in any way is inconsistent with the Commonwealth's contention of the accused's guilt of the alleged offenses.

Any recorded or written oral statements of the accused are expressly required to be produced by the Commonwealth

under Rule 3A:14(b)(1); the issue here is whether synopses of any such statements may also be required. We also assume that included in that request would be the rough notes of any investigating officer which form the basis of a later prepared recorded or written statement. The Commonwealth has pointed out that the words "oral statement" are not included in the Rule and any summary or synopsis would simply be a written memorial in the officer's words of any such oral statement. Although the Commonwealth did not argue this, the Court does observe that the last paragraph of Rule 3A:14(b)(2), dealing with discovery by the accused, expressly states:

> This subparagraph does not authorize the discovery or inspection of statements made by Commonwealth witnesses or prospective Commonwealth witnesses to agents of the Commonwealth or *of reports, memoranda or other internal Commonwealth's documents made by agents in connection with the investigation or prosecution of the case*, except as provided in clause (ii) of subparagraph (b)(1) of this rule (scientific reports). (Emphasis added)

This conflict is duly noted in the Virginia Lawyers Handbook, "Defending Criminal Cases in Virginia" at page 129:

> There is a question as to whether subparagraph (b)(1)(i) includes non-verbatim summaries of the defendant's oral statements made to police or other governmental agents. The federal courts are split on this point. Compare, e.g., *United States* v. *Federman*, 41 F.R.D. 339 (S.D. N.Y. 1967) with *United States* v. *Morrison*, 43 F.R.D. 516 (N.D. Ill. 1967).

In the Court's opinion, there are at least two reasons defendant may need such a synopsis or to be advised of the substance of any oral statement he has previously made to an investigating officer in order to properly defend himself:

(1) To find out whether there might be a conflict between what was in the rough notes or synopsis and the

final copy of any later statement or confession to test their accuracy and determine if any mistakes have been made in transferring the substance of an interview from the original rough notes to the final draft.

(2) To enable his counsel to get an accurate picture of the extent to which the accused has participated in the investigation and preparation for trial. While it might be argued that the accused ought to know what he has said on various occasions to investigating officers, it takes very little experience to realize that many of the accuseds are immature, not particularly intelligent or articulate and are simply unable to remember all the details of a number of interviews.

The Federal Courts have split on this issue, as the many cases collected in the annotation at 5 A.L.R.3d 819 indicate. This Court believes that although there was no discovery at common law and a literal reading of the Rule does not appear to contemplate the disclosure of such statements, the spirit of the Rule and a policy of seeing that justice is done and the accused fully informed as to what *he* has said in order to make proper defense of his case require that the Commonwealth produce any such synopses or summaries, for the accused's inspection. In addition, if the accused has made prior oral statements, none of which have been reduced to writing, the Court believes that the Commonwealth should be required to have the police officers prepare a summary or synopsis of any such statement and make them available to the accused.

However, the accused is not entitled to anything more than his basic interview and may not discover any police officer's impression or analysis or any matters extraneous to his statements, and if any such material is contained in such notes or summaries they will be excised by the Court upon proper review and *in camera* prior to disclosure to the defendant.